## M'WHORTER and others  v.  MARRS.

1. In summary proceedings, it is sufficient if the record states that the requisite facts were proved, and it is not necessary that it should she v the evidence ov which they were proved.
2. Judgement against sheriff and his securities, for failing to return an execution, should be for the amoun. of the execution and interest, and not for a fine of 5 per cent a month, from the date of the execution till judgement.
3. Costs of a motion, follow the event of the case.
4. No excuse for failing to return execution, that sheriff put it into the post office.
5. Trial by jury not necessary on motion, defendant voluntarily submitting the questions of fact to the Court.

THE original judgement of the Circuit Court, having been reversed in December, 1824, [a] and the cause remanded, the Circuit Court at October term, 1825, rendered judgement for the defendant, against plaintiffs in error. The record states that, it appearing to the satisfaction of the Court, that at the September term, 1822, of said Court, John A. Marrs recovered a judgement against James L. Baird, for two hundred dollars debt, twenty-four dollars forty-four cents damages, for its detention, and sixteen dollars twelve and a half cents for his costs; that on the second day of May, 1823, said Marrs sued out a writ of *capias ad satisfaciendum* on said judgement against said Baird, for the sum of $240 56½ cents debt, damages and costs, returnable to September term, 1823, of said Court, directed to the sheriff of Jefferson county; that the same, on the 20th day of June, 1823, was delivered to, and received by said M'Whorter, sheriff of said county of Jefferson, to execute and return; and that it has never been returned to the office of the clerk of said Court from which issued; that when said M'Whorter received said execution, and when it was by law returnable, he was sheriff of said county of Jefferson, and said Brown, Hicks, and Hutchingson, were his securities for the faithful discharge of the duties of said office : that said M'Whorter, Brown, Hicks and Hutchingson, appeared in Court by attorney, and having failed to shew any good cause why said execution was not returned as by law, &c. It is therefore considered, &c. that said Marrs recover of said M'Whorter, Brown, Hicks, and Hutchingson, the sum of $299 88. being the amount of the fine of five per cent a month on the sum of

[a] Minor's Ala. Reps. 376.

$240 56½, the judgement in the original suit, from September term, 1823, to the 28th of October, 1825, the time of rendering this judgement, and his costs, &c.

The defendants produced to the Court the affidavit of Larkin C. M'Million, made in open Court before the clerk, stating that the *ca. sa.* against Baird, came to his hands about the first of July, 1823; that he went therewith to Baird's house, about the 10th of July, and made diligent search for him; and guarded his house all night, but could not see any thing of him, that he saw M'Whorter enclose the *ca. sa.* in a letter, directed to the clerk of the Circuit Court of Dallas county, and seal, and put it into the post office at Elyton, about the last of August, 1823. The postage was not paid. These last matters were stated in a bill of exceptions.

M'Whorter and his securities here assign, that the Circuit Court erred.

First and second, In proceeding in the cause after it had been remanded, the judgement having been reversed; and in rendering judgement on motion against the sheriff and his securities, for not returning a *ca. sa.*

Third, fourth, fifth and sixth, It is not shewn how it appeared to the Court that M'Whorter was sheriff, that the execution was delivered to him, that it is not returned, that Brown, Hicks, and Hutchingson, were his securities. It is not shewn that M'Whorter was sheriff.

Eighth and ninth, Judgement was rendered for five per cent per month, on the amount of the original judgement against Baird.

Seventh, tenth, eleventh, twelfth and thirteenth. It is not stated that notice was given to defendants; the judgement was for costs; it was rendered after cause shewn by M'Whorter, as stated in the bill of exceptions; the right of trial by jury, should not have been denied; a jury and not the Court, should determine on the facts, as to the excuse for not returning the execution. And that the facts do not appear in the record.

H. G. Perry, for plaintiffs in error, cited *Yancy* and *others* against *Hankins,* [a] and *Read* against *Carson.* [b]

Hitchcock, for defendant in error.

No new notice was necessary when the Supreme Court had remanded the cause; and even if it were, defendants to the motion by their appearance, cured the error. This Court in this case, at December, term 1824, have decided that a motion lies for failing to return a *ca. sa.* [c]

a Minor's Ala. Reps. 171.
b Ibid. 17.

c Minor's Ala. Rep. 376.

It is not necessary to put the evidence on the record. JANUARY 1827.
The record shews that the Court required proof, and that the facts were satisfactorily proved. This Court will not determine on the sufficiency of the proof, unless it is made part of the record by bill of exceptions. The Court does not require that the record should shew the grounds on which the Court below acted, even where the proceedings are exparte, but here the defendants were in Court.

M'Whorter et al
v
Marrs.

I do not contend that the reasons given by the Court below, for its judgement are correct. I rely on the act of 1819, and not on the act of 1807. [c] Marrs was entitled to judgement against the sheriff and his securities, for the amount of his judgement against Baird, and interest from the time it was rendered; and this is a few cents less than the amount adjudged as a fine, at five per cent a month. This Court will not reverse a judgement for an error of six or eight cents. *De minimis non curat*, nor a right judgement given for a wrong reason. All judgements carry costs of course. The excuse shewn, by the bill of exceptions has, by the Circuit Courts, and I believe, by this Court also, been always held insufficient. The mandate of the execution, required the sheriff to return it: Putting it into the post office, and without even paying the postage, was no return of the writ; besides the witness was a deputy sheriff, liable to the sheriff, and incompetent.

c Laws Ala. 316. 378, 302.

A trial by jury was not demanded, nor was it necessary by the rules of the common law; the excuse was voluntarily made to the Court, and by the act of the defendants, the Court was made the tribunal to decide the question.

JUDGE TAYLOR delivered the opinion of the Court.

THE second assignment was disposed of by express adjudication on the first writ of error in this case, and as to the first assignment, this Court would not have remanded the cause, if it had not been considered that the Court below should again proceed in it.

As to the third, fourth, fifth and sixth assignments, the record states that it appeared to the satisfaction of the Court, that M'Whorter was sheriff; that he received the execution; that it was not returned, and that the other defendants were his securities "for the due and faithful discharge of his duties as sheriff as aforesaid." It also

appears that the defendants were in Court when the judgement was rendered. It is evident that proof on these points was adduced. If the defendants thought it insufficient, they should have taken the necessary steps to spread it on the record. Where it appears from the record, that the Inferior Court examined testimony to establish a fact necessary to be proved, this Court, until the contrary appears, must always presume that legal testimony was required.

As to the eighth and ninth assignments, it appears that the Circuit Court rendered judgement for a fine of five per cent per month, on the sum of money specified in the ca. sa. from the time it was received by the sheriff, until the date of the judgement against him and his securities. This is not authorized by the law. The defendants should have been adjudged to pay the amount of the judgement on which the ca. sa. issued, with interest from the date thereof.

The plaintiffs in error could take nothing by the seventh, tenth, eleventh, twelfth and thirteenth assignments. On the eighth and ninth, the judgement must be reversed, and the proper judgement rendered here. And of this opinion are all the Court.

The judgement was saccordingly entered against Marrs, for the costs accruing in the Supreme Court, and for Marrs against M‘Whorter and his securities, for the amount of the execution and interest thereon, from the date of the judgement against Baird, to the 28th of October, 1825, when the judgement was rendered in the Circuit Court.

JUDGE SAFFOLD not sitting.