## NEALE et al. v. CALDWELL.

1. Under the act of 1819, a judgment on motion may be had against the sureties of a Sheriff, on notice to the Sheriff only.
2. A Sheriff is liable if he fails to return an execution three days before the return term.
3. And it is no excuse that property was levied on and advertised to be sold on the first day of the return term, and that it was retained to complete the sale, the writ being unnecessary for that purpose.
4. A Court may lawfully alter or correct a judgment during the same term when rendered.
5. The delivery of an execution to a Sheriff may be proved by a memorandum made on the execution docket, and the oath of the Clerk that it was issued in conformity thereto, without the production of the writ or notice to produce it.
6. The Court will presume that the proper proof was given in the Court below, unless the bill of exceptions shews the reverse.

JOHN M. CALDWELL made a motion in the Circuit Court of Madison county against John P. Neale as Sheriff of said county and his securities, for judgment against them for failing to return an execution in favor of the plaintiff, which had been delivered to him. The notice was directed to Neale the Sheriff, and to John R. B. Eldridge, John W. Tilford, Hardeman F. Jones, Mathias Munn and John F. Newman, his surviving securities, was made returnable to November term 1828, and was served on all the defendants except Tilford and Munn. On the 22d of November, this entry was made on the minutes, "came the parties by their attorneys, whereupon the Court, after having heard the evidence, considers that the said motion be discharged." On the 28th of November this further entry was made, "came the parties by their attorneys, and the order discharging the motion in this case is set aside, because the order discharging said motion was made under a mistake of the facts, and because it appears that the execution in said notice specified, was received by said Neale as Sheriff as therein stated, and had not been returned according to law, and has not yet been returned. It is therefore on motion considered by the Court, that the order heretofore made in this case discharging this motion be set aside, and that the plaintiff recover against said defendants in said notice the sum of ————," &c.

The Sheriff Neale, and the sureties on whom service was perfected, tendered a bill of exceptions to the proceedings had in the Court below. It is thereby shewn

that when the motion was regularly called, the defendants were permitted to defend without plea; that the plaintiff produced the official bond signed by the Sheriff and his securities; and also the original judgment recovered by him on which his execution had issued. He also produced the execution docket in which the name of the case was stated, the amount of the debt, costs, &c., and these words, "judgment 12th May, 1827, *fi. fa.* 6th June, 1827," for the purpose of proving that such an execution was issued and delivered to the Sheriff as stated in the notice. To this evidence the defendants objected, on the ground that the execution itself should be produced, or notice to Neale to produce it should have been shewn. But the Court overruled the objection. The plaintiff then offered evidence to shew that the *fieri facias* had not been returned in due time, and that he had applied for an *alias,* and could not procure it on account of the failure to return it. A deputy of the Sheriff deposed, that he had other executions against the same defendants named in the execution, on which he had seized real estate, and that he had procured the *fieri facias* in question from another deputy to give it the benefit of the levy on the land; that he had given legal notice of the sale of the land on the first day of the Court to which the execution was returnable; that he sold the land on that day, and divided the proceeds properly, and on the next day he returned the *fieri facias* in question to the Clerk and paid him the costs on it. A subsequent part of the bill of exceptions states, that the *fieri facias* was immediately taken out again by the Sheriff, that no return was made on it, and that it was since kept out by the Sheriff. The deputy stated as a reason for this, that it was taken out to procure the data to draw the deed for the land, and that it had remained in the Sheriffs office, all the property of the defendants having been fully exhausted. A variety of other matter was stated in the bill of exceptions, not deemed material to be here noticed.

The defendants prosecuted a writ of error to this Court.

HUTCHISON and CRAIGHEAD, for the appellants. There was error in sustaining the motion for not returning the execution; such a motion was not sustainable, unless it be considered that the case of *Williams v. McBroom,* decided in this Court,[a] does not overrule that of *Anderson v. Cunningham,* previously determined.[b] The judg-

JULY 1830.

Neale et al. v. Caldwell.

[a] 1 Stewart 192.
[b] Minors Ala. Rep. 48.

JULY 1830.

Neale et al.
v.
Caldwell.

*a* Minor's Ala.
Rep. 425; 2
Stewart 41;
Ante 44.
Prout      v.
Johnson, de-
cided at July
term 1827.

ment is against Tilford and Munn, on whom the notice was not served. For this error the judgment and proceedings should be reversed back to the notice.[a]

In the Court below, judgment had been rendered for the defendants. We insist that the Court could not vacate that judgment in the mode pursued. It is only in one of three modes that the judgment could be set aside: on motion for new trial, on motion in arrest, or by bill of exceptions sealed and writ of error. When a new trial is granted, the cause must be continued. The Court has the discretionary power to grant or to refuse a new trial or a continuance, and this discretion cannot be revised here; but the Court cannot at its discretion set aside a solemn judgment which it has rendered, and render another and an opposite judgment at the same term. It is believed this is the first instance in which such a thing has been done. The defendants protested against the exercise of this power. It was exceedingly injurious to them, and it would prove a most dangerous practice if suffered to be introduced.

The proof offered was insufficient to authorize the judgment. The entry on the execution docket was improper evidence, and insufficient to establish the delivery of the execution to the Sheriff. The reason given for the omission to return it previously to the first day of the term was satisfactory. It was for the benefit of Caldwell that it was retained, it was to give him the advantage of a portion of the proceeds of the sale of land levied on and sold under other executions on that very day, and Caldwell did receive that benefit, which he could not have received, if the execution had been previously returned; the costs were thereby secured. That it was subsequently taken out to enable the Sheriff to draw his deed for the land sold is not material, for it is not the subject of the complaint specified in the notice. It is shewn that the property of the defendant in the execution was exhausted, so no injury was sustained by Caldwell. The first judgment was therefore correct.

*b* Laws of Ala.
316, 678, Sec
18; Minor's
Ala. Rep. 48,
376,

BRANDON, for the appellee. The sheriff is liable for failing to return the execution according to law, to the full amount of the demand.[b] The statute referred to was passed in 1819, and is the last on that subject. It has also been decided, that the service of notice on the Sheriff, or his securities, authorizes judgment against

both, or either of them. [a]   The statute does not require notice to be served on the sureties; service on the Sheriff is all that is required.

The act of 1807 [b] empowers the Courts to fine the Sheriff in any sum not exceeding five per cent per, month for failing to return the execution.   This Court has decided that the power to fine under that statute is discretionary in the presiding Judge; and unless the decision be absurd, it will not be revised. [c]   The same doctrine has been established in Kentucky in relation to this subject on a statute similar to ours. [d]   But it is not the statute only which gives the power to the Court to fine the Sheriff; it cannot be denied that by the common law, the Court has the power to sustain a motion against the Sheriff for any failure whatever to do his duty, and indeed the only effect of the statute of 1807 is to limit the amount of the fine to five per cent per month.   The statute of 1819 however, gives to the party injured a more certain and definite remedy against the Sheriff for failing to return an execution; it makes him liable for the amount of it.   The two statutes are in *pari materia,* and are to be construed together. The true construction to be given to them I conceive then to be this; the act of 1807 declares the common law right of the Court to fine the Sheriff, and limits the amount to five per cent per month; but the act of 1819, gives the power to the presiding Judge to extend the fine to the full amount of the execution; and thereby virtually repeals the act of 1807.   It is then a discretionary power which has been exercised by the Court below, and the judgment should not be disturbed.

But if the Court will review the final decision of the Court below, it will be found to be correct.   The mere fact of placing the execution in the Clerks office on the return day would not constitute a legal return of the *fieri facias.*   The Sheriff is required to make a return in writing, shewing what proceedings have been had on the precept.   Therefore all the parol evidence in explanation can be of no avail.   The writ had been regularly issued and placed in his hands, he failed to return it in due time, and never did make any return on it at all, as required by law; the plaintiff was injured, for he applied for an *alias,* and for the want of the return of the original, he could not obtain it, as the proof shews.   It was then a fit case for the application of this summary remedy, the very evil had occurred which the statute intended to remedy, and

JULY 1830.

Neale et al.
v.
Caldwell.

a Minor's Ala. R. 376.
b Laws of Ala. 302.
c 1 Stewart 375.
d Hardin's R. 2.

18

JULY 1830.

Neale et al.
v.
Caldwell

the Court, on the proof, could not properly have rendered a different judgment.

As to the setting aside the first order, which was made under a misapprehension, it was perfectly competent for the Court to do so. Until the minutes are signed, the Court has not definitively acted, and it may alter its judgment at any time until this is done. A term is considered as a day, and the records when signed become the definitive act of the Court, but not till then. Before that time, the Court has a complete control over them.

By JUDGE TAYLOR. Although many errors are assigned in this cause, I consider the case as involving the decision of but four questions, viz:

1st. Upon the service of notice upon a Sheriff and part of his securities of the intention of the plaintiff to move for judgment against them because the Sheriff has failed to make due return of an execution, can judgment be rendered against all the securities?

2nd. Were the facts in this case sufficient to authorize a judgment in favor of the plaintiff?

3rd. Can a Circuit Court, during the term, reconsider one of its decisions, and correct an error of judgment which it has committed.

4th. Was the entry on the execution docket evidence that the execution had been delivered to the Sheriff?

It has heretofore been determined by this Court in the case of *McWhorter et al. v. Marrs,*[a] that notice to the Sheriff is sufficient to authorize a judgment against him and his securities, in a case of this kind. The 18th section of the act passed in December, 1819, entitled "an act to provide for the appointment of county officers, and for other purposes," provides, "that when any Sheriff shall fail to perform the duties required by this act, the person or persons aggrieved, may move against such delinquent Sheriff, and have judgment against such Sheriff and his securities in office, for failing to return the execution in the manner above directed, in the Court from which such execution had issued, upon giving three days notice of such motion to such delinquent Sheriff or his securities in office." This statute admits of but one construction, and it is, that proof of notice either to the Sheriff or his securities, is sufficient to entitle the plaintiff to a judgment against all the obligors in the Sheriff's bond.

There can be little difficulty on the second point. The

*a* 1 Stewart 63,

Sheriff is required "to return all writs and executions to the Clerks office from which they shall issue, at least three days previously to the term of the Court to which they shall be returnable; and that if any Sheriff shall fail to return any writ or execution, according to the provisions of this act, he shall be liable to all the penalties provided by the laws now in force, for failing to return the writ or execution to the first day of the term," &c. The simple fact to be determined by the Court was, had the Sheriff returned the execution three days before the term, or rendered a sufficient excuse for not doing so. It is not pretended that he made such return, but it is contended he was justified in holding the execution until he made sale of the land levied on by virtue of it, which sale was advertised for the first day of the term of the Court to which the execution was returnable. There certainly was no necessity for the Sheriff to retain the execution until the sale day; the right to sell was vested in him by the levy. The force of the execution was spent on the return day, but all the legal title of the defendants was vested in the Sheriff by virtue of the levy, and he had the same right to sell without as with the execution being in his possession.

With regard to the third point, there can be no doubt of the power of the Court to amend or correct its judgments during the continuance of the term in which they have been pronounced.

Whenever a point of law or a fact is presented for the decision of the Court, and the opinion then pronounced is at any subsequent period of the term deemed to have been incorrect, the Court may direct the former judgment to be set aside, and one to be entered conforming to what is believed to be right.

It appears by the bill of exceptions, that to prove the execution had come to the Sheriff's hands, and the amount of money for which it issued, a memorandum on the execution docket, kept by the Clerk, was introduced as evidence, which stated the day of its issuance and delivery to the Sheriff. It was contended by the defendants that the execution itself should be produced, or regular notice to the defendants to produce it on the trial, before any evidence of its contents could be given. Even were it to be admitted that the memorandum on the docket was of itself insufficient to prove the facts necessary to be established with regard to the receipt of the execution by

JULY 1830.

Neale et al.
v.
Caldwell.

the Sheriff, and its amount, without some evidence from the Clerk that it was issued in conformity with such memorandum, which would surely be all that the law requires, yet there may have been such testimony, and as it is not stated that no other evidence was introduced on this point, and as the plaintiff required these facts to be proved in a way which was not the only one authorized by the law, it will be presumed the proof was given which would sustain the judgment.

Judgment affirmed.

Judge Perry presided below, and did not sit.