HILL, SHERIFF, &c. VS THE PRESIDENT AND DIRECTORS OF THE BANK OF THE STATE OF ALABAMA.

*Proceedings against a sheriff, for failing to return an execution.*

1. In proceedings by motion, against a sheriff, seeking to make him liable, under the acts of eighteen hundred and seven, and eighteen hundred and nineteen, for failing to return an execution, the plaintiff is required, in his notice, to inform the sheriff, on which of the two acts, authorising the proceedings, he relies.

2. To warrant a judgment against a sheriff, the record of the proceedings must also shew, that it was proved, that the sheriff did not return the execution.—The failure to return, in these summary proceedings, can not be presumed: and every thing necessary to sustain the judgment, must appear on the record.

3. In a case of this character, a discontinuance of the proceedings as to sureties, who are not served with notice, is not necessary : and if done, it does not prejudice the proceedings against the sheriff.

4. The proceedings authorised by these statutes, even construing them *in pari materia,* are not restricted to the return term of the execution.

In error to the County Court of Tuskaloosa county.

Motion to enter up judgment against plaintiff in error, for not returning a certain execution. At the January term of the County Court of Tuskaloosa county, eighteen hundred and thirty-six, the President and Directors of the Bank of the State

5 P.        68

of Alabama, filed a notice in that Court, in the following words, to wit:

" Whereas an execution of *fieri facias*, in favor of the President and Directors of the Bank of the State of Alabama, against John W. Lindsay, Thomas B. Creagh, and Samuel W. Frazier, issued from the clerk's office of the County Court of Tuskaloosa County, on the fifth day of August, eighteen hundred and thirty-four, returnable at a term of the said Court to be holden on the third Monday in January next, thereafter, on a judgment rendered the first day of August eighteen hundred and thirty-four, for the sum of nine hundred and thirty-one dollars and five cents, directed to the sheriff of Wilcox county, commanding him, that of the goods and chattels, lands and tenements of the said John W. Lindsay, Thomas B. Creagh, and Samuel W. Frazier, in his county, he cause to be made the sum of nine hundred dollars, as well as the sum of thirty-one dollars and five cents, their damages, by way of interest, besides their costs in that behalf expended; and that he should have the monies aforesaid, together with said writ of execution, before the judge of said Court, on the third Monday in January next, thereafter, to render to said President and Directors of the Bank of the State of Alabama, their debt, damages and costs;—which said execution, before the time at which it was made returnable, came into the hands of J. M. Hill, then sheriff of the county of Wilcox, to be executed, and which he, the said J. M. Hill, hath failed to return, according to law.

Now, therefore, you, the said J. M. Hill, and you,

John Jenkins and Thomas Armstrong, secueities of said sheriff, are hereby notified, that the said President and Directors of the Bank of the State of Alabama, will, by their attorney, on the first day of the County Court, to be holden on the third Monday in January next, for the county of Tuskaloosa, move said Court for judgment against you, according to the statute in such case, made and provided. In testimony whereof, I have hereunto set my hand and affixed the seal of the corporation, the first day of September, eighteen hundred and thirty-five. [L.S.] H. M. Andrews President p. t.

[Endorsement.] "I accept service of the within. September twelfth, eighteen hundred and thirty-five. J. M. Hill."

And at the January term of said Conrt, the plaintiffs came and discontinued this suit as to John Jenkins and Thomas Armstrong, and moved the Court for judgment against the said J. M. Hill, late sheriff of Wilcox county, for failing to return an execution, which issued from the clerk's office of said Court, in favor of the President and Directors of the Bank of the State of Alabama, on the fifth day of August, in the year eighteen hundred and thirty-four, on a judgment rendered the first day of August, eighteen hundred and thirty-four, aforesaid, for the sum of nine hundred dollars debt, and thirty-one dollars and five cents, damages, besides costs of suit; directed to the said J. M. Hill, sheriff as aforesaid, commanding him, that, of the goods and chattels, lands and tenements of John W. Lindsay, Thomas B. Creagh, and Samuel W. Frazier, he should cause to be made the said debt,

damages and costs, and that he should have the said monies before the Judge of said Court, on the third Monday in January, eighteen hundred and thirty-five, to render unto said President and Directors of the Bank of the State of Alabama, their debt, damages, and costs, aforesaid.

And it appeared, to the satisfaction of the Court, that the said execution, before the return day, so appointed for the return thereof, came to the possession of the said J. M. Hill, sheriff, as aforesaid, in time to be returned; and it also appeared to the satisfaction of the Court, that the said J. M. Hill, was sheriff of the county of Wilcox, at that time, and that he was notified of this motion for said default, by a notice, under seal of the President and Directors of the Bank of the State of Alabama, and served by an authorised agent, acting under the seal of said corporation, at least ten days before the making of the same : It was, therefore, considered by the Court, that the said J. M. Hill, late sheriff of Wilcox county, for such, his default, pay to the said President and Directors of the Bank of the State of Alabama, a fine of five hundred and seventy-six dollars and sixty cents, the same being five per cent. per month, upon the amount of said debt, and damages, from the return day of said execution, to the day of rendering this judgment; and also the costs in that behalf expended,—for which execution might issue, &c.

And the plaintiff in error, comes, and assigns the following causes of error, in the judgment of the Court below:

1. The Court erred in entertaining the motion,

and rendering judgment, against the plaintiff in error, because a term had intervened between a return of the execution, and the institution of these proceedings.

2. The notice is uncertain and insufficient.

3. The proceedings were instituted against the plaintiff in error, jointly with John Jenkins and Thomas Armstrong, and afterwards discontinued, as to said Jenkins and Armstrong, which operated as a discontinuance of the whole action. The Court therefore erred in rendering judgment against plaintiff in error.

4. Judgment should have been rendered against the plaintiff, for the penalty of five per cent. per month, only, up to the term next after the execution was returnable.

5. The evidence is insufficient to sustain the judgment.

6. Judgment should have been rendered for defendant below, on the whole record: in refusing to render such judgment, and in rendering judgment for the plaintiffs below, the Court erred. For these errors, plaintiff in error, moved that the judgment be reversed; and the defendants denied that there was error in the record.

*Peck* and *Clark*, for plaintiffs in error.
*Ellis*, contra.

ORMOND, J.—This was a motion by the defendants in error, against the plaintiff in error, for failing to return an execution. The notice, after describing the judgment and execution, and that it

came to the hands of the sheriff, in time to be returned, concludes thus:

"Now therefore, you the said J. M. Hill, and you, John Jenkins and Thomas Armstrong, sureties of said sheriff, are hereby notified, that the said President and Directors of the Bank of the State of Alabama, will by attorney, on the first day of the County Court, to be holden on the third Monday in January next, for the county of Tuscaloosa, move said Court for judgment against you, according to the statute, in such case made and provided."

The service of the notice was acknowledged by Hill, and not executed on the others. The motion was discontinued as to Jenkins and Armstrong, and judgment against Hill, for five per cent. per month, upon the amount of the debt and damages, from the return day of the said execution, to the day of rendering this judgment. The plaintiff assigns for error:

1. The Court erred in entertaining the motion, and rendering judgment against the plaintiff in error, because a term had intervened between the return of the execution, and the institution of these proceedings.

2. The notice is uncertain and insufficient.

3. The proceedings were instituted against the plaintiff in error, jointly with John Jenkins and Thomas Armstrong, and afterwards discontinued as to the latter, which operates a discontinuance as to all.

4. Judgment should have been rendered for the penalty of five per cent. a month, only up to the term, next after the execution was returnable.

5. The evidence is insufficient to maintain the action.

6. Judgment should have been for the defendant below.

The first and fourth assignments of error, as they present the sames questions, will be considered together.   The question depends on the construction, to be put on the acts of the Legislature, authorising proceedings by motion against sheriffs.

By the act of eighteen hundred and seven, (Aikin's Digest, 173,) a remedy is given against sheriffs, for failing to return an execution, by motion, and the Court is authorised to enter a fine of five dollars per month, on the amount of the judgment against him.

By an act, passed in eighteen hundred and nineteen, (Aikin's Digest, 164,) a remedy is also given by motion against the sheriff, for failing to pay over money, or for failing to return an execution.   These acts are silent as to the time when the motion is to be made   By section seventy-four, of the act of eighteen hundred and seven, (Aikin's Digest, 174,) a motion is allowed against the sheriff, at the next succeeding Court, from which the execution issued, and fifteen per cent. per annum allowed to be recovered against him, for failing to pay over money when he has returned an execution satisfied.   It is insisted that these acts must all be taken together, as they relate to the same subject, and that they shew that no motion can be made against the sheriff after the return of the execution.   Admitting, as we do, that these statutes must be taken altogether, we can see no reason to justify such

a construction. The acts, to be sure, all relate to the same subject, but to different aspects of it. The Legislature have thought proper to make a distinction between them, and it is not the province of this Court to say that no distinction exists.— Even if the distinction were purely arbitrary, it is the Legislative will, and should be respected. These assignments of error, are not well taken.

To what extent all the acts giving penalties by motion, against sheriffs, may be controlled, by the acts prohibiting penal actions, after one year, as the question has not been argued, we give no opinion.

The uncertainty of the notice refered to, in the second assignment, is, in argument, said *to be*, that it is not stated in the notice, on which of the statutes the plaintiff will rely; whether on the act of eighteen hundred and seven, or on the act of eighteen hundred and nineteen, before cited. By the first of these acts, a penalty of five dollars per month, is allowed against a sheriff for failing to return an execution. By the last recited act, no rule is laid down, by which the measure of damages for a failure to return an execution, is to be ascertained. This Court is aware, that the construction which the Circuit Courts have put on this act, has been to allow the whole amount of the execution, to be recovered from the sheriff. But to give a penalty so enormous as this might be, by mere construction, is not warranted by the established rule for expounding penal statutes, which is, that they be construed strictly. If the defendant in execution, be insolvent, or unable to pay, there can be no rea-

son why the mere failure of the sheriff, to return the execution, should entitle the plaintiff in execution, to make the money from the sheriff. If the defendant be in fact able to pay, the plaintiff may suggest, that by due diligence, the money could have been made, and thus secure his debt.

Could this question now be considered open,— this Court, for the reasons which have been given, would determine that the act of eighteen hundred and nineteen, above referred to, merely recognizes and refers to the previous act of eighteen hundred and seven, which gives a penalty of five dollars per month, on each hundred dollars, of the amount of the execution; but not only have the Circuit Courts, uniformly interpreted this statute differently, but this Court has at different times recognized the correctness of that construction. (See Ala. Rep. 376. 1 Stewart 63, 3 Stewart 134.) The law having been thus considered as settled, and this construction acquiesced in, for such a length of time, it would be unwise now to put a different construction on the statute.

It appears, then, that there were two statutes, under which the plaintiff below could have proceeded. One is purely penal in its character,— the other in the nature of a penalty. It was the duty of the plaintiff below, to advise the defendant on which he intended to proceed. The language of the notice—that " the plaintiff will move the Court for judgment against you, according to the statute in such case, made and provided," did not convey to the mind of the defendant below, with any precision, what was demanded of him,—whe-

5 P.        69

ther the fine of five per cent. on the amount of the judgment, or the amount of the judgment itself. If the former, the Court had a discretion over the matter, and the sheriff might show circumstances in palliation.—1 Stew. 375.

As the rights, both of plaintiff and defendant were different under the two acts before recited, at least in proceedings of this summary and highly penal character, it was the duty of the plaintiff below to inform the sheriff, on which of the two acts authorising this proceeding, he would act. This assignment of error, therefore, is sustained,

The answer to the third assignment of error is, that as the sureties of the sheriff were not served with notice, they were not parties to the proceeding against the sheriff. There was, therefore, no necessity to discontinue against them, and the discontinuance, which appears by the record to have been entered as to them, was a mere idle act, which can not prejudice. This point has been expressly ruled by this Court, in the case of *Lyon vs The State Bank*, 1 Stewart 470.

The fifth assignment of error must be sustained. The record does not shew, that it was proven that the sheriff did not return the execution. This, it was in the power of the plaintiff to do, and was a fact at least as important and necessary to be proved, as any other in the cause, to warrant a judgment against the sheriff. It can not be presumed— In these summary proceedings, every thing necessary to sustain the judgment, must appear, by the record, to have been proved, as has been repeatedly decided by this Court.

The judgment must be reversed,