### RODGERS v. WATERS AND OTHERS.

1. The penalty against a sheriff for failing to return a *ca sa* is five per cent per month on the amount of the judgment; the fine to be imposed by the Court in the exercise of a sound discretion, taking into consideration all the circumstances of the case.

Error to the Circuit Court of Pike.

THIS was a motion in the Court below against the sheriff of Butler county, and his sureties for failing to return a *capias ad satisfaciendum* issued by the clerk of the Circuit Court of Pike county, on a judgment of the plaintiff in error against one Hiram A. Sessions for fifteen hundred and eighty dollars, sixty-six cents. To the notice alledging these and other facts which was returned executed, the defendants demurred, and the Court sustained the demurrer, from which this writ of error is prosecuted.

The error assigned is the judgment on the demurrer.

BUFORD, for the plaintiff in error.—PECK, contra.

ORMOND, J.—The question presented on the record is, whether a sheriff is liable, on motion, to the amount of the judgment, for failing to return a *capias ad satisfaciendum*.

This presents a question of some difficulty, the solution of which can only be had by marshalling the different statutes on the subjects. The first act passed in 1807, Aik. Dig. 173. The seventy-third section provided "that when any writ of execution or attachment for not performing a decree in chancery, shall come to the possession of any sheriff, &c. and he shall fail to return the same according to law, that it shall be lawful for the Court, on motion of the party injured, to fine the sheriff five dollars per month for every hundred dollars contained in the judgment, on which the execution issued, from the return day of the execution, to the day of rendering judgment."

The succeeding section, provides for the case of a return by the sheriff, that he had levied the debt, and his failure on demand to pay over the amount collected by him on the *fieri facias*, or to a *ca sa.* that he had taken the body of the defendant, and shall have afterwards permitted the defendant to escape; in either of these cases the Court, on motion, were authorized to render judgment against the sheriff, for the amount of the judgment, with interest of fifteen per cent per annum from the return day of the execution.

By the act of 1819, Aik. Dig. 163, a penalty of six per cent. per month was to be inflicted on all sheriffs, who should on application, fail to pay over monies made by them on executions on motion of the party aggrieved.

The succeeding section is in these words "when any sheriff shall fail to perform the duties by this act required, the person or persons aggrieved, may move against such delinquent sheriff, and have judgment against such sheriff and his sureties in office, for the amount he has failed to pay over as aforesaid, *or for failing to return the execution as above directed,* in the Court in which such execution has issued, upon giving three days notice to such delinquent sheriff, or his sureties in office, provided," &c.

These are all the statutes which authorized the infliction of a specific penalty upon the sheriff, for failing to return an execution.

The only difficulty we have felt in this case was, whether we should conform to the decision made upon this statute, for

Rodgers v. Waters et als.

the failure to return a *ca sa*; in Minor's Rep. 376, and 1 Stewart 63, of McWhorter v. Marrs, where it was held that the penalty for such failure, was the amount of the judgment. We are entirely satisfied, that this is an incorrect exposition of the statute. The legislature were not providing for a failure to return a *ca sa*, but for a failure to pay over on a *fieri facias*; the 22 section, Aik. Dig. 163, declares that the penalty should be six per cent per month on the amount of the judgment. The twenty-third section gives a remedy by motion for this penalty for so failing to pay over, "*or for failing to return the execution in manner as above directed.*" The language "*in manner as above directed*" refers to the preceding section, which by no force of ingenuity can be warped so as to include a *ca sa*, as it speaks of *a levy* and *sale of the property thus levied on*, language which cannot by possibility apply to a *cà sa*. As therefore the 22nd section applied only to a writ of *fieri facias*, by no proper construction can the 23rd section be extended beyond it.

We are therefore fully satisfied that the construction which has been put upon this law is incorrect. In an ordinary case, we might feel ourselves constrained to acquiesce in an error which has been undisturbed so long. But in a case so highly penal in its character as this; we do not feel ourselves authorized to withhold from the defendants the right of having the law properly expounded. We are therefore of opinion, that no authority is given for proceeding against a sheriff, for failing to return a *ca sa.* by the act of 1819, sections 22 and 23 of Aikin's Digest 163–4, but that for such a default, the sheriff must be proceeded against under the act of 1807, Aikin's Digest, 173, section 73.

The penalty imposed by that act is a fine of five per cent per month for every hundred dollars contained in the judgment for failing to return an execution. This fine is to be imposed by the Court in the exercise of a sound discretion, taking into consideration all the circumstances of the case. [Pope & Hickman v. Stout, 1 Stewart 375; Hill v. The State Bank, 5 Porter 537.] The notice in this case, and the motion founded on it, is for the amount of the judgment in the original cause. The judgment is therefore affirmed.