## CRAWFORD v. CHANDLER, Sheriff.

1. The Court may in its discretion, permit a defendant to withdraw a plea to the merits, and demur to the declaration or other statement of the cause of action; and this, although there may have been a mis-trial, or a trial, and a new trial awarded.

2. The act of 1819, authorising a proceeding against a sheriff and his sureties, by notice and motion, for the failure to return a writ of *fieri facias;* and the notice sufficiently indicates what judgment will be moved for, when it refers to the act of 1819, as regulating the proceeding.

Writ of Error to the Circuit Court of Perry.

This was a proceeding against the defendant, as sheriff of Perry, by notice and motion, under the statute for the recovery of a judgment against him and his sureties, for failing to return a writ of *fieri facias,* issued and placed in his hands at the suit of the plaintiff, against the goods, &c. of the "Manual Labor Institute of South Alabama." The notice distinctly indicates when the motion will be made; and further states that a judgment will be sought "according to the act of Assembly of 1819, in such case made and provided." An issue was made up on the notice, and submitted to the jury, who not being able to agree, a mis-trial was had. The defendant thereupon demurred to the notice, and his

demurrer being sustained, a judgment was rendered in his favor and against the plaintiff for costs.

Davis, for the plaintiff in error. The defendant should not have been permitted to demur after the mis-trial, nor should the demurrer have been sustained, even if regularly interposed.

B. F. Porter, for the defendant. There is no provision in the act of 1819, which authorises a proceeding by notice against the sheriff, for failing to return an execution. [Aik. Dig. 163–4.] The thirty-first section of the act of 1807, gives such a remedy. [Aik. Dig. 173.]

The notice does not inform the defendant for what he is called upon to answer : and as to the demurrer, it will be inferred that its regularity was not objected to.

COLLIER, C. J.—It is entirely competent for the Court to permit a party to withdraw or amend his plea at any time. And though by pleading to issue, the defendant impliedly assents that the cause of action is well stated by the plaintiff, or that he will for the present, forego any objection to its sufficiency, yet it is allowable for the defendant to withdraw a plea to the merits, with the permission of the Court, and interpose his demurrer. Whether leave will be granted thus to modify the pleadings, depends upon the discretion of the Court, but that the power does exist so long as the cause is pending, though there may have been several trials, or mis-trials, we think will not admit of controversy. And even if the Court should unwisely exercise its discretion, the party aggrieved cannot be allowed to allege it on error.

In respect to the objection, that the act of 1819 does not authorize a proceeding against a sheriff by notice, for the breach of duty alleged, it may be quite enough to say, that that question has been too often adjudged to be now considered open. [M'Whorter, et al v. Marrs, Min. Rep. 376; 1 Stew. Rep. 63; Hill v. The State Bank, 5 Porter Rep. 537; 3 Stew. Rep. 134; Godbold v. Planters' and Merchants' Bank, at last term.] These cases show, not only that the sheriff is chargeable for the failure to return a *fieri facias*, but he is liable to the full amount which it required to be made.

The notice sufficiently indicates what judgment will be moved for, when it refers to the act of 1819, as regulating the proceeding.

It is not only free from objection, but seems to have been formed by a studied regard to the case of Hill v. The State Bank, [5 Por. Rep. 537.]

The judgment of the Circuit Court is reversed, and the cause remanded.