## CASKEY, ET ALS. v. NITCHER.

1. A notice that the sheriff "has failed to return an execution," which is described, is sufficient, without an allegation that he failed to return it three days before the return day of the writ.

2. A return of the writ, two days before the return term of the writ, without a sufficient excuse, is in law no return.

3. A notice, that the plaintiff proceeds for the amount specified in the execu-tion, sufficiently indicates under what statute he proceeds.

4. A certified copy of the sheriff's bond, is sufficient, unless the authority of the bond is questioned by plea, when it would be proper for the Court to require the production of the original.

Error to the County Court of Chambers.

Caskey, et als. v. Nitcher.

Motion by the defendant in error, against the plaintiff in error, as sheriff, and also against his sureties, for failing to return a *fieri facias.*.

The notice, after describing the execution, when it issued, and came to the sheriff's hands, alledges that he has "failed to return said writ of execution," and informs him that a motion will be made "for the amount of said writ of execution, and the costs of the motion."

To this notice the defendant demurred, and the Court overruled the demurrer.

An issue being made up between the parties, and submitted to a jury, and it being in proof, that the first day of the term to which the execution was returnable, was the 23d January, 1843, the defendant moved the Court to charge, that if they found that the execution was returned on the 21st January, 1843, they must find the issue for the defendant, which charge the Court refused, but charged the jury, that under the issue formed, if the execution was not returned, three days before the term of the Court to which it was returnable, in the absence of any satisfactory proof of excuse for not so returning it, they must find the issue for the plaintiff; to which the defendant excepted.

A paper, purporting to be a certified copy of the sheriff's bond, was in evidence, and the Court ruled, that as it purported to be approved by the Judge of the County Court, and certified by the clerk, was sufficient to authorize its being read to the jury, without proof of the signatures of the obligors, to which the defendants excepted. The assignments of error relate to the judgment upon the demurrer to the notice, and the matter of the bill of exceptions.

Rice, for plaintiff in error, argued that the notice was defective, in not setting out that the execution was not returned three days before the return day, and in not specifying whether the proceedings were had under the act of 1807, or 1819. [5 Porter, 537.]

There is no statute authorizing a motion such as this.

ORMOND, J.—We consider the notice in this case sufficient. The objection is, that it is not alledged that the sheriff failed to return the execution three days before the term of the Court, to which the writ was returnable. The object of the notice is to in-

form the sheriff what he is to answer, and it is impossible to suppose, that he was not distinctly advised that he was proceeded against for a failure to return the process, to the term of the Court indicated in the notice, according to law.

The same remarks apply to the objection, that it is not stated in the notice, whether the proceeding is had under the act of 1807, or 1819, as was held to be necessary in Hill v. The State Bank, 5 Porter, 537. The notice in that case was, " the plaintiff will move the Court for judgment against you, according to the statute in such case made and provided," and there being two statutes upon the subject, one giving a fine of five per cent. on the amount of the judgment, and the other the amount of the judgment itself, upon either of which at his election the plaintiff might proceed, this Court held the notice to be too ambiguous in a case of this penal character. But in this case there is no ambiguity, or room for doubt. ` The sheriff is distinctly informed, that the plaintiff goes for the amount specified in the writ of execution, which is in truth more definite, than if he had been referred to the statute conferring the right on the plaintiff. The addition " and the costs of this motion," is the legal consequence of the motion, if successful, and certainly does not vitiate it.

The certified copy of the sheriff's official bond was doubtless sufficient *prima facie*, that such a bond had been executed, and that the signatures to it were genuine. It appears that the bond was received, and approved by the Judge of the County Court; it then became a record of his Court. The statute, (Clay's Dig. 164, § 15,) requires, that it shall be recorded, and that a copy of the record shall be evidence, unless the Court thinks proper to require the original to be produced. This would be done in proper cases, when the authenticity of the bond was questioned by plea. No such plea was interposed in this case, and nothing shown to cast suspicion upon the certified copy, which was therefore evidence, quite as potent as the original, if produced, would have been.

The statute, (Clay's Dig. 336, § 131,) expressly requires the sheriff " to return the writ three days previous to the term of the Court to which it shall be returnable," and makes him liable to all the penalties provided by law, for a failure so to return it. A return therefore, two days before the first day of the return term,

unless there be some satisfactory excuse shown for the omission is, in law, no return.

Let the judgment be affirmed.