## HENDERSON AND HUDSON v. GANDY'S ADM'R.

1. An *alias* execution, issued by a justice of the peace, after the death of the defendant, is an absolute nullity, and no rights can be acquired under it.

Error to the Circuit Court of Butler.

TRESPASS *vi et armis*, by the defendant in error, against the plaintiffs in error, and one McKain, a constable, as to whom the cause was discontinued.

Upon the trial of the cause, as appears by a bill of exceptions, it was proved that the property described in the declaration was levied upon and sold by McKain, a constable, by virtue of an execution from a justice's court, by order of the defendants, upon a judgment obtained against plaintiff's intestate, in his life. That several executions had from time to time issued on the judgment, in the life-time of the intestate, and returned no property found, but the execution on which the levy was made, did not issue until after the death of plaintiff's intestate. It was proved, that the property so sold belonged to the intestate in his lifetime—that it was all he possessed—that at his death he left one child, and the plaintiff, his widow, who administered on his estate subsequent to the levy, but previous to the sale of the property.

Upon this state of facts, the court charged the jury, that if they believed them to be true, the plaintiff was entitled to recover.

The defendants moved the court to charge, that the plaintiff was not entitled to recover, if she became adminstratrix after the levy. Further, that an *alias* execution issued on a subsisting judgment, in a justices court, is not void, but voidable only, although issued after the death of the defendant, and that a levy might be made thereon, before administration was granted on the estate; which charges the court refused to give, and the defendant excepted as well as to the charge given. This is now assigned as error.

WATTS, for plaintiff in error. So far as respects the debtor or his representatives, the officer is justified by the process itself, in taking goods in execution. [Damon v. Bryant, 2 Pick. 411; Clark v. May, 11 Mass. 233.]

T. J. JUDGE, contra. The executions under which the

constable levied and sold, were utterly null and void, and of no more force than waste paper.   [Holloway v. Johnson, 7 Ala. Rep. 660.]

ORMOND, J.—An execution issued upon a judgment, after the defendant is dead, is an absolute nullity.   It is so wholly void, that a sheriff into whose hands it may come, cannot be ruled for not returning it.   [Holloway v. Johnson, 7 Ala. R. 660.]   An exception to this rule obtains where an execution has issued in the lifetime of the deceased, then it appears, if there has been no chasm, by the lapse of a term, but the *lien* has been regularly continued, an alias may issue after the death of the defendant in the judgment.   [Collingsworth v. Horn, 4 S. & P. 237.]

This rule is confined in its operation to execution issued upon judgments of courts of record, which are a *lien* on the personal property of the defendant, from the time they come to the sheriff's hands.   The executions issued on the judgment of a justice of the peace, his not being a court of record, have no such attribute, as it is expressly declared, that they " shall operate as a *lien* on the property of the defendant, from the time of the levy, and not sooner."   [Clay's Dig. 209, § 42.]   There being therefore nothing to connect this execution, with those previously issued, it was absolutely void, and no right whatever was acquired by the levy and sale under it.

It is not of any moment, that the administrator had not administered when the pretended levy was made under this void execution; no change was effected in the. title of the property thereby, but the title vested immediately in the administratrix, upon the grant of letters of administration to her.

Let the judgment be affirmed.