GRAHAM AND TAYLOR, ADM'RS, v. CHANDLER ET AL.

1. The withdrawal of a plea, and the substitution of others by a defendant, is a matter of discretion with the primary court, and not revisable on error.
2. An execution issued in the name of a sole plaintiff, who is dead at the date of its issuance, is a nullity, and a sheriff is not liable for failing to execute it.

Error to the Circuit Court of Perry. Before the Hon. John D. Phelan.

THIS was a motion made by the plaintiff, as administrator, &c., of James Abercrombie, deceased, against the defendant, as sheriff of Perry county, for failing to make the money, &c. on an execution that came to his hands in favor of the said Abercrombie, against one Billingsley. The defendant filed several pleas, and the case having been continued from term to term, at the trial term, the defendant moved the court for leave to withdraw the pleas previously pleaded by him, and to substitute, which motion was granted, and the plaintiff ex-

cepted. The defendant then filed several pleas—the third of which was, "that before, and at the time of the issuance of said execution, the said James Abercrombie, the plaintiff therein was dead," &c. To this third plea the plaintiff demurred, and the court overruled the demurrer, and the plaintiff failing to reply, or to take issue, judgment was rendered for the defendant. The granting of leave to withdraw the first, and substitute other pleas, and the overruling of the demurrer, are now assigned as error.

PECK and GRAHAM, for plaintiffs in error.

The demurrer to defendant's plea on the first trial, raised the question of the sufficiency of the rule against the sheriff. On the second trial, there was an express motion to quash the notice, or rule. It was wrong to permit the defendant, after five years litigation, to withdraw his defence and begin *de novo.* He could not place the plaintiff back with him.

But upon the question raised, the law is with the plaintiff. An execution issued after the plaintiff's death is not void, but voidable. Moore & Cook v. Bell, 13 Ala. 469; 3 Bac. Abr. 716, 704; 4 Wheat. 339; 1 U. S. Dig. 744; 9 Watts & Serg. 182; 1 Green, 193; 1 Cowen, 33; Ib. 711; 1 Dyer, 76, note; 2 Ld. Ray. 768; 2 Brevard, 417; 1 Ire. Dig. 443; 1 Murp. 492; 2 Bibb, 198.

2. Under what process may sheriff justify, and what is he bound to execute? Watson v. Watson, 9 Con. 140; 12 Wend. 96; 2 N. & M. 211; 3 Caines, 273; 3 Wilson, 345.

3. The plaintiffs, as representatives of the deceased, have a right to this motion. 8 Porter, 181. But if not, it is too late to object to plaintiffs' capacity to sue. In Gary v. Bates, 12 Ala. 544, the court sustained a similar motion in the name of the assignee of a bankrupt, the plaintiff in the *fi. fa.* being civily dead when it issued.

MOORE and BROOKS, contra.

1. The record discloses no sufficient cause of action. The suit being instituted to recover a penalty under the statute, and the plaintiff being dead, the action dies with him, and does not survive to his administrators. The revival of such

an action is not authorized by statute, nor is it known to the common law. See Logan v. Barclay, 3 Ala. R. 361; 5 Ala. 423; 6 Ib. 375; 2 Pick. 527.

2. An action against a sheriff for a *non-feasance* does not survive, but dies with the plaintiff or defendant, as the sheriff is no gainer by the *non-feasance*. See Cravath v. Plympton, 13 Mass. 454; 1 Bay. 59; 1 Root, 216; 5 Pick. 290; 1 Cain, 124.

3. This proceeding by motion is a summary remedy, and according to all the decisions of this court, on this class of cases, the remedy cannot be extended by construction, beyond the terms of the statute. See Murphy's Adm'rs v. Br. Bank Mobile, 5 Ala. 423; 6 Ala. 247.

4. It was within the discretion of the court to allow the defendant to withdraw his pleas to the merits of the cause of action, and to allow him to demur, or plead to the notice, at any time before the final hearing of the cause, and that even after a mis-trial, or new hearing granted. See Webster & Smith v. Wyser, 1 Stewart 184; 3 Stew. 226; 5 Ala. 64.

5. The circuit court exercises a just discretion over all matters of pleading, which will not be reversed in this court. 9 Porter, 232.

8. The sheriff may successfully defend himself against a motion for not making the money on a *fi. fa.*, either by showing that there was no judgment on which said *fi. fa.* could issue, or by showing that the *fi. fa.* was void. See Holloway v. Johnson, 7 Ala. 660.

7. If the plaintiff be dead, and the administrator is not a party to the record, he shall not have an execution. See 8 Bacon, 609; 1 Mur. 113.

8. In a rule against the sheriff, a motion to quash the execution will be considered as made, when the matter alledged in defence would be available on a motion to quash. Graham and Taylor, adm'rs, v. Chandler, 9 Ala. 625.

CHILTON, J.—1. There was no error in permitting the withdrawal of the former pleas, and the filing of new pleas by the defendant in error. This was a *matter* within the discretion of the primary court, and consequently cannot be

made the ground of reversal here. Crawford v. Chandler, 5 Ala. 61.

2. The demurrer to the third plea presents the question, whether if an execution issue in favor of a sole plaintiff who was dead at the time of its issuance, the sheriff is bound to execute it. For the plaintiff in error it is insisted, that the execution was irregular, and voidable at the election of the defendant therein, but not absolutely void; and we have been referred to the case of Day v. Sharp, 4 Whar. Rep. 339, and Darlington v. Speakman, 9 Watts & Serg. 182. In the first case, the supreme court of Pennsylvania hold, that an execution issued in the name of a plaintiff who is dead, and without a *scire facias*, to substitute his representatives, is not absolutely void, and that the party may justify under it. The other case affirms substantially the same doctrine. These cases were doubtless influenced by the statute of Pennsylvania, in respect to the revival of judgments in cases where the plaintiffs have died, and cannot be regarded as correct expositions of the law in this state. This court has repeatedly held, that an execution which issues against a sole defendant who is dead, there being no lien created by the issuance of previous executions, is a nullity, and is absolutely void. Collingsworth v. Horn, 5 Stew. & Por. 237; Holloway v. Johnson, 7 Ala. Rep. 660; Henderson et al. v. Gandy's Adm'r, 11 Ala. Rep. 431; Moore & Cock v. Bell, 13 Ala. Rep. 459. In the case last cited, we held, that an execution could not be sued out in the name of a plaintiff after he is dead, and that if one did issue, is should be quashed on motion. The point under consideration was however fully considered in Stewart v. Nuckols, at the present term of this court, and it is there held, that the execution issuing after the death of the plaintiff is a nullity. See also, Nicholson v. Burke, at this term. These decisions are decisive of this point, and are conclusive to show, that the sheriff is not liable for failing to make the money upon the execution specified in the suggestion exhibited against him, if the facts specified in the third plea be true, and the demurrer admits their truth.

As this point is decisive of the case, it becomes wholly

Vol. 15—44

unnecessary to examine the other questions raised by the counsel.

Let the judgment be affirmed.