## STAINTON'S ADM'RS *vs.* SIMMONS AND SIMMONS.

1. The plaintiff in the execution, under which a sale is made by a constable, is not a necessary party to a motion to set aside the sale on the ground that the constable had no authority to make it.

APPEAL from the Circuit Court of Monroe.

Tried before the Hon. JOHN A. CUTHBERT.

JOHN STAINTON, the intestate of the appellants, made a motion, before a justice of the peace, to set aside a constable's sale, on the ground that the constable had no authority to make it, inasmuch as one of the executions in his hands had been quashed before the sale, and the other had been fully paid off and satisfied. The justice refused to set aside the sale, and the plaintiff in the motion took the case, by appeal, to the Circuit Court. The constable and the purchaser at the sale were the only defendants to the motion. In the Circuit Court, the defendants moved to dismiss the motion, because the plaintiffs in the executions were not made parties to the motion; and this motion was sustained by the court. This judgment is here assigned for error.

S. J. CUMMING, for appellants.

R. C. TORREY, *contra.*

Moseley v. Wilkinson.

LIGON, J.—There was no necessity to make the plaintiffs in the executions, under which the officer pretended to sell the property, parties to the motion to set aside the sale. They had no interest whatever in the controversy between the officer and the defendant in execution, arising out of the misconduct of the former in executing the process in his hands. The only parties in interest were, the constable and the purchaser at his sale. These were before the court; and the case should not have been dismissed, but the court should have heard it on its merits.

In the case of The Mobile Cotton Press Co. v. Moore & Magee, 9 Porter 679, the only parties to the motion were the defendant in execution, as plaintiff, and the sheriff and the purchaser of the lands, as defendants; and this court proceeded to consider and determine the motion. It is true, no exception appears to have been taken in the court below, or in this court, in regard to the parties in that case; but, we apprehend, it would have been unavailing, if it had been made, inasmuch as *the act complained of was not that of the plaintiff* in the writ of *fi. fa.*, but of the sheriff himself in the execution of that writ; and the profit, if any, arising out of the abuse of process, did not, and could not, accrue to the plaintiff, but to the purchaser at the sale of the officer. The plaintiff in the execution is never a necessary party to such motions, unless it is shown that he is the purchaser, or is interested in the purchase, and it is then necessary to bring him before the court in that capacity.

Let the judgment be reversed, and the cause remanded.