# BEACH et al. vs. DENNIS.

### [MOTION TO SET ASIDE SALE OF LANDS UNDER EXECUTION.]

1. *Parties to motion.*—There is no settled rule, as to who are the necessary parties defendant to a motion to set aside the sale of lands under execution. Generally, those persons only who have an interest in the sale, or who will be prejudiced by setting it aside, need be made defendants to the motion.

2. *Power of courts over officers, parties, and process.*—Courts of justice have the undoubted power to control their officers, suitors, and process; and this power should be exercised to prevent oppression, correct abuses, and in furtherance of justice.

3. *Execution issued after defendant's death, and sale of lands under it; invalidity of.*—An execution, issued after the death of the defendant in the judgment, is void; and, consequently, a sale under it is also void, and may be set aside, on motion, at the instance of the heir-at-law.

4. *Costs.*—The unsuccessful party or parties to a motion to set aside a sale of lands under execution, should be taxed with the costs.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. MILTON J. SAFFOLD.

THIS was a motion by R. W. Dennis, as one of the heirs-at-law of John Dennis, deceased, to set aside a sale of certain lands by the sheriff under an execution against said John Dennis and one W. P. Jones. W. H. Cravey, the plaintiff in the execution, and W. C. Beach, the purchaser at the sale, were made parties defendant to the motion. The court granted the motion, set aside the sale, and taxed the costs against the defendant Beach, who was the only contesting party defendant; to which judgment, as also to the overruling of a demurrer to the motion for the want of necessary parties, a bill of exceptions was reserved by him; and these matters are now assigned as error.

The other facts are stated as fully in the opinion as can be gathered from the record.

J. N. HANEY, for appellant.
JOHN WHITE, *contra*.

PECK, C. J.—On the 24th of September, 1867, the appellant, Wm. H. Cravey, guardian, recovered a judgment in the circuit court of Dallas county, against John Dennis and one Wm. T. Jones, for the sum of $370 23. The said John Dennis, after said judgment was rendered, to-wit, on the 1st day of October of said year, 1867, departed this life intestate, and one Samuel H. Jones was appointed administrator of his estate. After the death of said John Dennis, to-wit, on the 17th day of said month of October, 1867, an execution was issued on said judgment, and, on the 22d day of February, 1868, was returned "No property found." On the 13th day of January, 1869, another execution was issued, and on the 8th day of February, 1869, returned "Not executed, for want of time." Again, on the 25th day of November, 1869, a third execution was issued, and, on the 8th day of January, 1870, was levied on certain lands, as the property of said John Dennis, which, on the 2d day of February, 1870, were sold by the sheriff, and bought by appellant, H. C. Beach, to whom the sheriff made a deed.

At the spring term of said court, in the year 1870, the appellee, R. H. Dennis, one of the heirs-at-law of said John Dennis, deceased, moved the said court, on notice to appellants, to set aside said sale, because the execution, under which the said sale was made, and those that preceded it, were, all of them, issued after the death of said John Dennis. The said H. C. Beach, one of the defendants in said motion, demurred to the same, because neither the sheriff, by whom the said sale was made, nor the living defendant in said judgment, Wm. T. Jones, nor the administrator of said John Dennis, deceased, were made parties defendants to said motion; and also, because said motion did not set forth sufficient reasons, under the law, to set aside said sale. The court overruled said demurrer, and, on the hearing, set aside said sale, and quashed the execution under which it was made, and taxed the defend-

ants with the costs. Said defendants appeal to this court, and assign the following errors, to-wit : 1st, overruling the demurrer ; 2d, setting aside said sale on the facts stated in the bill of exceptions ; and, 3d, taxing said defendant, Beach, with the costs.

The foregoing short statement of the case is made, because of the confused and almost unintelligible condition of the record.

1. The objection to the motion, because the sheriff, by whom the sale was made, the said Wm. T. Jones, and the administrator of said John Dennis, deceased, were not made defendants, was properly overruled. We are not aware of any settled rule as to who are necessary parties defendants to such motions. In the elaborately considered case of the *Mobile Cotton Press v. Moore & Magee*, (9 Porter, 679,) which was a motion to set aside the sale of real estate, made by a sheriff, the purchaser and the sheriff who made the sale were made defendants, and, we think, correctly. The reason why the sheriff was made a party, seems to have been because he had sold the property against the wishes of both the plaintiff and defendant in the execution. It was, therefore, proper that he should be made a party defendant, that he might vindicate the course he had pursued in the premises. We are persuaded no rule on this subject can be laid down that will be applicable to every case. Generally, those only who have an interest in the sale, or who will be prejudiced by the granting of the motion, need be made defendants to it.—*Stainton's Administrators v. Simmons and Simmons*, 24 Ala. 410.

2. On the merits of this case but little need be said. The evidence fully proves the allegations of the motion. The jurisdiction of courts over their officers, suitors, and process, can hardly be doubted ; and it should be exercised to prevent oppression, correct abuses, and in furtherance of justice.—*Mobile Cotton Press v. Moore and Magee, supra.*

3. The most important question in this case is, did the execution issued after the death of the said John Dennis, confer any authority on the sheriff to levy upon and sell the lands of which Dennis died seized ? If it did not, then the

Beach et al. v. Dennis.

sale was void, and the purchaser thereby acquired no title, and the sale was properly set aside on the motion of the heir-at-law. In the case of *Lucas v. Price* (4 Ala. 679), it is decided, that where an original *fieri facias* is issued in the life-time of the defendant, and returned unexecuted, an *alias*, or *pluries*, issued after his death, will not authorize a levy on and sale of the lands of which the defendant died seized. Chief-Justice Collier, in delivering the opinion of the court, says: "By the death of the defendant, his lands descend to his heirs, or vest as he may devise by will; and the mandate of an execution, which directs the sheriff to make of them the amount of a judgment, must be wholly inoperative and void. In fact, such a writ could never be executed, in consequence of the death of the defendant, which has cast his estate upon other proprietors; and such is the law in respect to personal property, where an execution has not issued against the defendant in the judgment while living; and it is only the lien of a *fi. fa.* regularly issued that legalizes an *alias* or *pluries*, which bears test after the defendant's death."—See, also, *Holloway et al. v. Johnson*, 7 Ala. 660, and *Henderson & Hudson v. Gandy's Administrator*, 11 Ala. 431.

On the authority of these cases, we hold, that the execution in this case, under which the sale was made, having been issued after the death of the defendant, John Dennis, conferred on the sheriff no authority to sell the lands, of which he was seized at the time of his death, and that, consequently, the sale was void, and the court below committed no error in setting it aside.

4. The successful party, in all civil actions, is entitled to his costs.—Rev. Code, § 2779. The defendants in this motion, as the unsuccessful parties, were, therefore, properly taxed with the costs.

The judgment of the court below is affirmed, at the appellant's cost.