WHITE-DIAMOND *v.* HIGHTOWER & COMPANY *et al.*

The plaintiff in execution is not generally a necessary party to a proceeding to set aside a sale under the execution.

Submitted February 27,—Decided March 28, 1906.

Equitable petition. Before Judge Sheffield. Early superior court. April term, 1905.

Mrs. White-Diamond brought an equitable petition against Hightower & Co., Willie Wiley, and Hodges, sheriff, and alleged, that an

execution was issued against her for the sum of $47, besides interest, costs, and attorney's fees, in which Hightower & Co. were plaintiffs. The execution was levied by Strong, a deputy sheriff, upon a tract of land owned by the petitioner, worth $3,000, which was sold by Hodges, the sheriff, for $1,275, to Willie Wiley. On the day previous to the sale, the petitioner made an affidavit of illegality on the ground of excessive levy, and offered it to the sheriff. He refused to accept it, declaring he had been indemnified. All three defendants had notice, at the time of the sale, that the levy was excessive. The petitioner prayed that the sale be set aside and the sheriff's deed to Wiley canceled, that the defendants be enjoined from proceeding further in dispossessing the petitioner, and that the defendants "be required to restore the status by the return of the money paid thereat." Hightower & Co. demurred to the petition, on the ground that it set forth no cause of action as against them. At the hearing this demurrer was sustained, and the petition as to Hightower & Co. was dismissed, and the injunction against the other two defendants was granted as prayed. To the judgment sustaining the demurrer of Hightower & Co. the plaintiff excepted.

*Simeon Blue,* for plaintiff.

*G. D. Oliver* and *Powell & Pottle,* for defendants.

COBB, P. J. (After stating the foregoing facts.) In a proceeding to set aside a sheriff's sale, as a general rule, it is proper to make parties all persons interested in the sale. "Notice of a motion to set aside a sheriff's sale should be given to all parties in interest." 20 Enc. Pl. & Pr. 239. But in a case like the one under consideration, the plaintiff in execution is not a necessary party. In Stainton's adm'r *v.* Simmons, 24 Ala. 410, it was said: "There was no necessity to make the plaintiffs in the execution under which the officer pretended to sell the property, parties to the motion to set aside the sale. They had no interest whatever in the controversy between the officer and the defendant in execution, arising out of the misconduct of the former in executing the process in his hands. The only parties at interest were the constable and the purchaser at his sale." See also, Beach *v.* Dennis, 47 Ala. 262 (1); Stone *v.* Day (Texas), 5 Am. St. Rep. 20. The only relief prayed against Hightower & Co., the plaintiffs in execution, was that embraced in the prayer "that the defendants be required to restore the status by

the return of the money paid thereat." Whether Hightower & Co. shall repay to the purchaser the amount received by them on their execution, in the event the sale is set aside, is a matter of no concern to the defendant in execution. Indeed her interests lie directly against such a condition of affairs, for in that event the execution against her would be unsatisfied, and now it is not even a liability against her. If she succeeds in her suit, the purpose of which is to set aside the sheriff's sale and retain possession of her property, all the rights she may have will have been protected and enforced. She may well rest content with this determination of the litigation, and permit the purchaser of her land to seek his remedy in his own behalf.

*Judgment affirmed.　All the Justices concur.*