DUNCAN *VS* WARE's executors.

5sp 119
c138 592

1. Assumpsit is the proper action, to rocover back money paid upon a judgment, which is afterwards reversed.

2. But a recovery in assumpsit can not be had of the amount paid by a garnishee in a ttachment, where the judgment has been reversed for *mere* irregularity; and where it appears that the amount recovered against the garishee is justly due by him, to the defendant, and by the latter, to the plaintiff in the attachment.

3. A debt due from a garnishee, to a defendant in attachment, *it seems*, should be considered, in all respects, as the property of the latter.

4. But, where such debt is clearly due from such defendant to the plaintiff in attachment, a payment by the garnishee, on a judgment recovered against him, as such, will discharge all liability to the defendant, as his creditor.

In Montgomery Circuit Court, John Duncan, for the use of another, declared against Ware, Cowles and Robertson, executors of the last will and testament of Robert Ware, in assumpsit. The declaration contained sundry counts, for money had and received, &c. to and for the use of the plaintiff, by the said testator, in his life-time; and also by the defendants, as executors, &c. And the plea was *non-assumpsit*.

The case, upon facts agreed, was submitted to the Court; whereupon, after due consideration, judgment was rendered in favor of the defendants. The facts were these—

In 1826, Robert Ware, the testator, recovered a judgment in the Circuit Court of Montgomery Coun-

ty, against Lawrence, Rapelye & Co. of New York, by process of foreign attachment, for the sum of two thousand and thirty two dollars and twenty-nine cents: at the same time, the said Robert Ware obtained judgment against John Duncan, the plaintiff, *as a garnishee* in said attachment, for the sum of three hundred and seventy-seven dollars—which was rendered upon the answer of Duncan, under oath, acknowledging his indebtedness to the defendants in the attachment, in that amount; that said Duncan paid to the said Ware, testator, the said amount under execution. That afterwards, and since the payment by Duncan, the judgment rendered in the attachment cause, against Lawrence, Rapelye & Co. was reversed. It was admitted, Lawrence, Rapelye & Co. owed to the said testator the amount of the said judgment, so rendered in his favor; and that the said sum of three hundred and seventy-seven dollars, had not been paid by Duncan, in any other manner than as aforesaid. Under this state of facts, the present action was brought to recover the amount paid by the garnishee, as aforesaid.

On writ of error to this Court, Duncan assigned for causes of reversal—

That the Court below erred, in giving judgment for the defendants: that, judgment should have been rendered in favor of the plaintiff.

*Goldthwaite*, for the plaintiff in error—
*Thorington,* contra.

TAYLOR, J.—This action of assumpsit was brought to recover back money collected on a judg-

ment of a Circuit Court, which was afterwards reversed in this Court.

The suit in which the money was collected, was commenced by attachment in favor of the decedent, against Lawrence, Rapelye & Co., and the plaintiff in error was summoned as a garnishee, and by an affidavit made before a justice of the peace, out of Court, acknowledged himself indebted to Lawrence, Rapelye & Co. in the amount for which the judgment was subsequently rendered against him; and to recover back which, this suit has been brought.

We have no doubt but the action of assumpsit is the proper one to be brought in a case of the kind : all the American decisions, which have been made upon the subject, sustain this doctrine; and there have been recoveries in the Circuit Courts of this State, in the same action.[a] The only question is, do the facts of this case, afford a ground of action to the plaintiff?

[a] 6Cow.297 15Mass. R: 207; 1Har. & Johnson 405

Assumpsit is an equitable action—admitting every defence, with but few exceptions, to which the defendant is entitled, in equity and good conscience.

As between the defendants and Lawrence, Rapelye & Co., in equity and good conscience, the defendants certainly are not bound to refund the money.

By a judgment, which was irregular, and for that reason reversed, the amount of a debt, justly due, was recovered and paid to the decedent. In this situation, he was not authorised to renew his suit; his debt was paid, and if Lawrence, Rapelye & Co. were permitted to recover against him, would it not place

5 s & p.          16

him in a worse situation, than if the money had not
been collected ? · He must wait until they recover
from him, before he sues them; or, without suit, he
must refund to them, money, to which he is justly
entitled, and which they owe him, that he may be
authorised to institute a suit against them, and reco-
ver the same money back again. This can not be
tolerated. If an irregular judgment has been ob-
tained, and the money recovered, for a debt justly
due, proof that the debt was due, affords a good de-
fence, in an action of assumpsit, brought to recover
the money back.[a]

*[a] 1 Harris & Johns. 405.*

But, the plaintiff paid as garnishee: does this
place the defendants in a worse situation ?

Does the reversal of the judgment, render the gar-
nishee liable to the defendant in the attachment?

If the reversal had taken place upon the merits,
shewing that no debt was due from the defendants
to the attachment, it is doubtful whether a payment,
made by the garnishee before that reversal, would
authorise him to maintain an action. His payment,
under the judgment, probably would be considered
a discharge of the debt, to his creditor: and, if that
creditor did not owe the plaintiff in the attachment,
he should resort to him, and the garnishee would
probably be discharged.

A debt due from a garnishee, we are inclined to
think, should be considered, in all respects, as proper-
perty of the defendant, especially after that debt
has been paid, under the process of the Court.

But, where the debt is confessedly due from the
defendant in attachment, to the plaintiff, we have no
doubt, a payment by the garnishee, of the judgment

recovered against him as such, fully discharges him from his creditor; and therefore, that, in this case, Lawrence, Rapelye & Co. have no claim against the plaintiff.

The judgment must be affirmed.