### SHERROD, Clerk, *vs.* DAVIS, Sheriff.

1. A final judgment in favor of a defendant in attachment, unless superseded by writ of error or appeal, discharges the lien of the attachment, and if the sheriff, having sold and retained in his hands the proceeds of the goods attached, afterwards and without notice pays them over to the defendant, he is not liable, notwithstanding the plaintiff may subsequently sue out a writ of error, procure a reversal of the judgment, and ultimately obtain a judgment in his favor.

Error to the Circuit Court of Pickens. Tried before the Hon. Geo. Goldthwaite.

HUNTINGTON, for the plaintiff.

ORMOND, for defendant.

DARGAN, C. J.—Reuben King sued out an original attachment against the estate of William Burks, which was levied by the sheriff on fourteen bales of cotton. Before the trial term the cotton was sold by virtue of an order for that purpose,

but the sheriff did not pay the money over to the clerk of the court, although it was his duty to do so. At the spring term of the Circuit Court in 1846, a final judgment was rendered in favor of Burks, the defendant in the attachment, who in June thereafter demanded the money of the sheriff, who paid it over to one Leftwich at the request of Burks. In November following the plaintiff in the attachment sued out a writ of error to the Supreme Court, and at January term 1847, the judgment was reversed and the cause remanded. At a subsequent trial a judgment was rendered in favor of the plaintiff in the attachment, and then the clerk of the court demanded the money received by the sheriff on the sale of the cotton, which not being paid, he moved the court for judgment against the sheriff in accordance with the provisions of the act to be found in Clay's Digest, 56. On the trial of this motion the foregoing facts were brought to the view of the court by the pleadings, and the question growing out of them is whether the sheriff is liable to pay the money to the clerk notwithstanding his payment to Burks?

It must be apparent to all that the defendant is not to lose his property if he successfully defends the suit commenced by the *attachment.* When a final judgment is rendered in his favor the lien created by the attachment is discharged, he becomes entitled to his property, and the sheriff cannot lawfully withhold it from him.—Clapp v. Bell, 4 Mass. 99; Suydam v. Huggeford, 23 Pick. 465. If the plaintiff in the attachment had sued out a writ of error immediately on the rendition of the judgment, or before the money was paid over by the sheriff, we should then think that the right of the defendant to demand it of the sheriff was taken away; and the sheriff, if he had notice of the writ of error, would not have been justified in paying it over to him. But after the judgment of the court is final and complete in favor of the defendant, unless it is suspended by writ of error or appeal, the right of the defendant to have the property restored to him is unquestionable, and it is therefore the duty of the sheriff on demand to deliver it to him. It is true that it was the duty of the sheriff to have returned the money received by him on the sale of the cotton to the clerk, and as he failed to do so, the clerk might have moved for judgment against him. But this right of the clerk grows out of the

pendency of the attachment and the lien created on the goods by the levy. When the attachment is dissolved by a final judgment in favor of the defendant and the lien thereby discharged, the defendant becomes entitled to the money, if the property has been sold, and a payment made to him by the sheriff under such circumstances must take away the right of the clerk to demand the money.

The ruling of the Circuit Court was correct, and the judgment must be affirmed.