[Montgomery Gas Light Co. v. Merrick & Sons.]

# Montgomery Gas Light Co. *v.* Merrick & Sons.

*Appeal from Order refusing to stay Execution of Judgment against Garnishee, pending Plaintiff's appeal from Order dissolving Garnishment.*

1. *Garnishee; how will be protected against double satisfaction.*—The garnishee being a mere stakeholder, standing in a relation of indifference between the plaintiff and defendant in the garnishment, will be protected against the jeopardy of double satisfaction, when sued by the defendant. The court states the mode in which this will be done.

2. *Supersedeas; when appeal will not operate.*—Under our statutes, an appeal will not suspend execution of the judgment or decree appealed from, unless bond and security be given for that purpose, as specified by the statutes.

3. *Same.*—When the garnishment is dissolved, the plaintiff therein can not, by merely taking an appeal, giving security for costs only, and notifying the garnishee thereof, suspend the effect of such order, or prevent the defendant from obtaining and enforcing judgment for his demand against the garnishee.

4. *Same; what does not require court to order stay of execution against garnishee.*—The pendency of such an appeal from a decree dissolving the garnishment, does not require another court, in which the defendant is suing the garnishee, to stay proceedings against him, for his protection against double satisfaction; payment of the judgment will protect the garnishee from further liability, though the order or decree dissolving the garnishment be afterwards reversed.

APPEAL from the Circuit Court of Montgomery.

Tried before Hon. JAMES Q. SMITH.

This was an appeal by the Montgomery Gas Light Company from an order refusing to stay execution on a judgment which Merrick & Sons obtained against it, in the said Circuit Court.

It appears from the bill of exceptions, that on the —— day of December, 1870, the appellant was garnished by Mrs. M. E. Winter, in a suit in the Chancery Court of Montgomery, against Merrick & Sons, to whom the Gas Light Company was indebted. The suit and garnishment were pending several years, and until the 29th day of November, 1878, when the bill was dismissed, and the garnishment issued under it, dissolved. On the same day, the chancellor made a decree, that if Mrs. Winter should give bond in a specified sum, within thirty days thereafter, the garnishment should remain in full force and effect. Merrick & Sons, before the expira-

tion of said thirty days, recovered judgment in the Circuit Court, in a suit therein pending against said Gas Light Co., for a debt it owed them, and which had been withheld under the aforesaid garnishment. The amount of the debt from said Gas Light Company to Merrick & Sons, did not equal the amount which Mrs. Winter claimed of them. On the trial, the Gas Light Company set up the aforesaid chancery proceedings; but the court nevertheless rendered an unconditional judgment against it in favor of Merrick & Sons. Mrs. Winter never gave the bond required by the chancellor, but within the thirty days after the order was made, and after the judgment was rendered in the Circuit Court, took an appeal from the decree of the Chancery Court, giving bond for the costs of the appeal only. On the same day, she notified said Gas Light Company that the appeal had been taken, and that if it paid the judgment in favor of Merrick & Sons, it would do so at its peril. This was all the evidence. The court refused to grant a stay of execution or supersedeas, and the Gas Light Company excepted. This ruling is now assigned as error.

RICE & WILEY, and J. S. WINTER, for appellant.—A garnishee is a party *in invitum*. He is not in court by his own voluntary choice, but becomes a party by coercion of the court, at the instance of the plaintiff in the garnishment. He is clearly entitled to the benefit of the exercise of all the inherent power of the court, or of its presiding officer, to protect him against the peril of a double satisfaction of the same debt.—*Miller v. McLane*, 10 Ala. 210. It is not necessary to entitle the garnishee to protection, that the appeal of the garnishing creditor should be accompanied by a *supersedeas*. If the garnishing creditor, in a lawful mode, and within the time prescribed by law, takes an appeal from the decree or judgment, which temporarily dissolves his garnishment, and gives notice of such appeal to the garnishee before payment, and that he will be held liable if the appeal is successful,—then these facts entitle the garnishee to a stay of the proceeding until the appeal is decided.—Drake on Attachments, §§ 411, 412, and cases cited in notes; *Crawford v. Clute*, 7 Ala. 157; *Crawford v. Slade*, 9 Ala. 887.

W. A. GUNTER, *contra*.—The appellees have a legal right to the legitimate fruits of their judgment. If the garnishing creditor had wished to continue the garnishment in force, the decree of the chancellor, fixing the amount and prescrib-

ing the effect of the bond to be given for such purpose, showed the manner in which this result could be obtained. The debtor who pays his obligation to his creditor, after a judgment has been obtained against him for it, is in no peril of being forced to pay it again; the judgment furnishes him ample authority for the payment, and complete protection from the consequences of such payment. If Mrs. Winter had superseded the decree of the chancellor, dismissing her bill and dissolving her garnishment, then the appellant could ask with some show of fairness for the relief they seek. Then it would be in danger of having to pay twice, a demand which it only owes once, and it would then be entitled to the protection of the court. If the attaching creditor is not willing to hold the property, by the execution of a *supersedeas* bond, it is his fault, and he loses his lien on the property. He can not obtain the advantages of a *supersedeas*, and relieve himself of the burdens of the requisite bond, by a mere appeal, and a notice to the garnishee.

BRICKELL, C. J.—The purpose of a garnishment is the appropriation of the debt owing by the garnishee, or the effects in his custody, to the satisfaction of the demand of the plaintiff against the defendant in the suit. After service of the garnishment, the garnishee stands in the relation of a stakeholder, and is supposed to be indifferent as between the plaintiff and the defendant. From all personal liability, and from all peril of future controversy, he may protect himself by payment into court of the debt he may owe, or by the delivery of such property in his hands, as may be subject to the garnishment.—Drake on Attach. § 661. Standing in this relation of indifference between the plaintiff and the defendant, the court will protect him against the jeopardy of a double satisfaction, if he is sued by the defendant. When the suits are pending in the same court, there can be but little difficulty in so moulding the judgments, that full protection will be afforded him, and at the same time preserving the rights of the plaintiff and the defendant. And when, as in the present case, the suits are pending in different courts, the court in which the defendant is suing the garnishee, will, on a proper application, stay proceedings until the garnishment is determined, or render judgment with a stay of execution, which can be subsequently removed, or rendered perpetual, in whole or in part, as justice may require.—*Crawford v. Slade*, 9 Ala. 887. Or, if the defendant has obtained judgment, and a garnishment subsequently issues, execution

on the judgment will be stayed, on the giving by the garnishee of sufficient security to protect the defendant from loss, if judgment is not obtained on the garnishment.—*Skipper v. Foster*, 29 Ala. 330. A payment by the garnishee of a judgment rendered against him, protects him, though the judgment is irregular, and is subsequently reversed for irregularity.—*Duncan v. Ware*, 5 Stew. & Port. 119; *Gunn v. Howell*, 35 Ala. 144. He may satisfy such judgment, without waiting until he is coerced by execution.—*Mills v. Stewart*, 12 Ala. 90. The judgment is conclusive, as between the garnishee and the defendant, unless the defendant appeals, of which the garnishee has notice. And the appeal does not prevent the garnishee from satisfying it, unless the judgment is superseded by bond.—Code of 1876, § 3316.

In the present case, the garnishment was dissolved, the bill of the complainant was dismissed, and it was ordered, that if the complainant within thirty days appealed from the decree, the garnishment should be restored, if she executed a *supersedeas bond* in the sum of one thousand dollars, payable, and with condition as prescribed by the statute, (Code of 1876, § 3928.) Within thirty days, without executing the bond, the complainant merely giving security for costs, sued out an appeal to this court, which is yet pending and undetermined, giving the garnishee notice of the appeal. The garnishee thereupon applied to the judge of the Circuit Court, in which his creditor had obtained judgment against him, to stay proceedings on the judgment, until the termination of the appeal. The stay was refused, and from the judgment this appeal is taken.

The authorities relied on, to support the right to a stay of the proceedings, are those to which reference has been made; but they stand on different grounds, and proceed on reasoning which has no just application to this case. The statutes have very carefully regulated the mode of prosecuting appeals, and have very clearly defined their effect, and the rights of parties during their pendency. An appeal can not be taken, unless the appellant give security for the costs, and the names of the sureties are certified to this court; and the certificate is part of the record, authorizing the issue of execution against the sureties for costs, if the appellant is unsuccessful.—Code of 1876, § 3950. Such an appeal does not operate to stay the execution of the judgment or decree, from which it is taken. If a suspension of execution is sought, a bond with sufficient securities must be executed by the appellant or some person for him. When the judgment or de-

cree, is for the payment of a fixed sum of money, the statute prescribes as the penalty of the bond, double the amount of the judgment, and as its condition, the prosecution of the appeal to effect, and the satisfaction of such judgment as this court may render in the premises.—Code of 1876, § 3927. If the judgment or decree is not for the payment of money, and its suspension pending an appeal is sought, the chancellor, or register, or judge of the court, in which it was rendered, may fix the amount and penalty of the bond, which is to operate as a suspension, or *supersedeas* of the judgment or decree.—Code of 1876, § 3928. In either case, a bond with sufficient security, to protect the party temporarily deprived of the right of enforcing the judgment or decree, from all damage by reason of the suspension of execution, is a condition precedent, the statutes clearly prescribe. At common law, a writ of error, (and an appeal under the statute is a substitute for the common law writ of error,) was a *supersedeas* of execution from the time of its allowance. The court issuing it would, if it was not apparent the writ was sued out merely for delay, stay any proceeding on the judgment, during its pendency.—1 Tidd. Pr. 530. The plain purpose of the statutes, is a change of this rule of the common law; depriving the appeal of the inherent capacity to supersede the execution of the judgment or decree. That capacity does not now attach to the appeal—a bond with sufficient surety, is indispensable to stay execution. It is the condition on which the proceedings may be stayed pending an appeal, prescribed by the statute, and courts have no power to dispense with its performance, or to substitute any other terms in place of it.—*Hogan v. Ross*, 11 How. 294.

Nor is there the necessity for a stay of proceedings, to protect the garnishee from being made liable to his creditor, and to the plaintiff in the garnishment, which exists, when the garnishment is sued out prior or subsequent to the suit or judgment of his creditor. The judgment or decree dissolving the garnishment, is subsisting, of full force, and the creditor is entitled to enforce the collection of the debt. If the garnishee pays voluntarily, or under legal process issuing on a judgment obtained against him by his creditor, he has the protection of a valid judgment discharging him from liability to the plaintiff in the garnishment. The subsequent reversal of that judgment, whatever claim for restitution the plaintiff in the garnishment may acquire thereby against the defendant, can not retroact, so as to restore the liability of the garnishee to him. The case of *Sherrod v. Davis*, 17 Ala.

312, is not in conflict with this view. The court is there speaking of a judgment *suspended by a writ of error or appeal,* and not of a judgment, which a pending writ of error or appeal does not suspend, and which the statute in effect declares shall not operate a suspension. The judgment of the circuit judge is affirmed.

