# Ex Parte Dillard, Ex'rx.

*Mandamus to Circuit Judge to Strike Cause from Docket.*

1. *New trial; condition precedent to the grant of, must be complied with.* Upon application for a new trial, the grant of which is a matter purely of discretion in the primary court, the court may impose on the party applying therefor, as a condition to the grant, the payment of all the costs which have accrued in the cause; and if a particular time is appointed for such payment, though it may expire in vacation, the payment within the prescribed period is a condition precedent, with which there must be strict compliance.

2. *Same; when payment of costs within prescribed time a condition precedent to grant, subsequent payment not a compliance.*—In such case, the acceptance of the grant, with the condition imposed, rests wholly in the choice of the party in whose favor the grant is made, and if he fail or neglect to pay the costs within the appointed time, such failure or neglect is the equivalent of an election not to accept the new trial; and a

[Ex parte Dillard.]

subsequent payment can not restore vitality to the grant, unless the party was prevented from paying the costs within the time prescribed, by the fault of the officer to whom the costs were payable.

3.   *Same; when failure to comply with condition precedent to grant, not excused by fault of clerk.*—Before a party, in whose favor a new trial has been granted on the condition precedent, that he pay the costs, and who has failed to comply with such condition, can excuse himself from, and avoid the effect of such failure because of the act of the clerk of the court in exacting more costs than were legally taxable, thereby rendering it necessary, that an application for a re-taxation of the costs should be made to the court, he must show that he tendered performance within the time prescribed by the court.  Without this, the fault of the clerk can avail him nothing.

4.   *Judgments take effect from day on which rendered.*—The term of the court is not with us regarded as one day ; and though, until the expiration of the term, the orders made and judgments rendered are largely under the control of the court, and may be altered, modified or vacated, yet, they are generally regarded as taking effect from the day on which they were made or rendered, subject to the control of the court, and not from the day the term closes.

5.   *New trial; order granting, on payment of costs within prescribed time; day from which time to be computed.*—Where a new trial was granted "on the payment of the costs in sixty days, as a condition precedent," the day on which the order was made, is the day, from which the period within which the costs were to be paid must be computed.

This was a petition to this court for a writ of *mandamus* by Mary H. Dillard, as the executrix of the last will and testament of F. W. Dillard, deceased, seeking to compel Hon. H. D. Clayton, as Judge of the Third Judicial Circuit, to strike from the docket of the Circuit Court of Lee county, a cause which had been brought to that court, wherein the petitioner, as such executrix, was plaintiff, and one Gatsy Rice was defendant.   The material averments of the petition are, that at the spring term of said court, the petitioner obained judgment against Rice in said cause (it being an action in the nature of ejectment), for the recovery of a tract of land and damages for its detention; that at an adjourned term of the court, and on 15th August, 1881, on the application of the defendant, previously made, the court granted him a new trial "on the payment of the costs in sixty days, as a condition precedent ;" that on the 19th October, 1881,sixty-five days from the day on which the new trial was conditionally granted, the defendant, who had prior to that time failed to pay the costs, or any part thereof, after learning that the plaintiff had demanded the issuance of process for the enforcement of the judgment, paid to the clerk of the court sixty dollars on the costs, although the costs taxed in the cause amounted to $109.40 ; that at the fall term, 1881, of the Circuit Court, petitioner moved to strike the cause from the docket, on the facts above stated, but the court refused the motion, and allowed the cause to remain on the docket ; and that after-

[Ex parte Dillard.]

wards, and on the last day of the term, the costs were re-taxed, on defendant's motion, and thereby they were re-duced to the sum of eighty two dollars, and were afterwards settled with the clerk of the court.

On this petition, a rule *nisi* was issued and served on Hon. H. D. Clayton, who, as a return thereto, answered, that on the trial of the motion made to strike the cause from the docket, mentioned in the petition, it was judicially ascertained, that the costs demanded by the clerk from Rice, on the 19th October, 1881, when he sought to pay them, amounted to about the sum of 113.00, several items of which were disputed by the defendant; that on that day he paid to the clerk on said costs $60.00 and took his receipt therefor, wherein it was agreed, that, as to the balance, which was in dispute, they "should wait the decision of the court on the question" of re-taxing the costs; and that all this was done within sixty days from the adjournment of the court, at which the order granting the new trial was made. He further answered, in substance, that on the motion to re-tax the costs made by the defendant, at the fall term of the court, it was judicially ascertained that the clerk had demanded an excessive amount of costs from the defendant, when he offered to settle, and that the items objected to by the defendant were stricken from the cost-bill, except a small amount, which was promptly paid by the defendant; and that he refused to strike the cause from the docket because, in his opinion, the defendant had, in good faith, endeavored to comply with the terms imposed by the court, upon which a new trial was granted, and was prevented by the action of the clerk, as above stated.

On the hearing of the cause made by the petition in this court, the rule *nisi* was made absolute.

GEORGE P. HARRISON, JR., for petitioner. (1.) The writ of *mandamus* should be made peremptory. *Ex parte Jones*, 35 Ala. p. 706, and authorities there cited. (2.) In computing the time in which the payment of costs should be made, it should be calculated from the rendition of the the judgment. A. C. & N. Co. *v. The State, ex rel.* 54 Ala. 36.

BRICKELL, C. J.—The grant or refusal of a new trial is matter purely of discretion in the primary court. Upon the grant, or upon the refusal, the court may impose such terms or conditions as are deemed proper to advance the justice of the particular case. The party in whose favor the verdict is rendered, may be required as the condition upon which a new trial is refused, to relinquish a part of the sum found for him

[Ex parte Dillard.]

by the verdict. Whether he will submit to the the condition is matter of choice with him. If he declines, the new trial will be granted,—or, if he consents, it will be refused, and the recovery reduced. Or the grant may be made upon condition that the party applying pay the costs which have accrued, or a specified part thereof. If the time within which the payment is to be made is not prescribed, the grant is conditional, having the effect to keep the cause in court until the next term ; and the payment of the costs at any time during vacation, or before the cause is regularly called for action at the next term, is a compliance with the condition, rendering the grant absolute.—*Ex parte Lowe*, 20 Ala. 330. But if a particular time is appointed for the payment of the costs, though it may expire in vacation, the payment within the prescribed period is a condition precedent, with which there must be strict compliance. If there be not compliance within the appointed time, a subsequent payment can not restore vitality to the order or grant.—*Ex parte Jones*, 35 Ala. 706. Performance or non-performance rests wholly in the choice of the party, and if he fail or neglect performance within the appointed time, it is the equivalent of an election not to accept the new trial. If by the fault of the officer to whom the costs are payable,--if he should exact more costs than were legally taxable, rendering it necessary that an application for a re-taxation of costs should be made to the court, there would be a prevention of performance, which would excuse and relieve the party obtaining the grant. But he must have offered to comply with the order within the appointed period. Without the offer of performance within that period, he is without right to claim relief from the condition, because of the fault or act of the officer. That fault or act can avail him, only when he has first put himself right, by tendering performance at a time when the officer was bound to accept it.

Whether there was an offer of performance, and prevention of it by the act of the clerk of the court, would be material in this case, only upon the theory that the time within which the costs were required to be paid, is to be computed, not from the day the order was made, but from the day of the adjournment of the term at which it was made. The terms of the order are general; the new trial was granted "on the payment of the costs in sixty days, as a condition precedent." There is no expression or indication of a purpose to prolong the day from which the sixty days are to be computed, until the expiration of the term. The term of the court is not with us regarded as one day ; and though until the term expires, the orders made, and judgments rendered, are largely

under the control of the court, and may be altered, modified, or vacated, yet, they have been generally regarded as taking effect from the day on which they were made or rendered, subject to the power of the court, and not from the day the term closes.—*Ala. C. & N. Co. v. State,*§54 Ala. 36. If it had been intended to postpone the day from which the sixty days were to be computed until the close of the term ; if it had been intended that the order should have, in this respect, a different operation from that which a judgment of the court would have, there would be found some expression of the intention. The day on which the order was made, is the day from which the period within which the costs were to be paid, must be computed. The defendant not having paid, or offered to pay the costs within that period, by his own act lost the right to a new trial, and the cause should have been stricken from the docket.

The rule *nisi* must be made absolute.