# Prudential Savings Bank of Birmingham
## v. Looney.

### *Assumpsit.*

(Decided June 3, 1914. Rehearing denied June 30, 1914. 65 South. 770.)

1. *Garnishment; Answer; Claimant; Parties.*—Where the answer of the garnishee suggested that the fund belonged to the Grand Lodge and that it was deposited with garnishee to be held as an indemnity to third persons named, but did not suggest such third persons as claimants, plaintiff was not required to give such third persons notice and an opportunity to be heard in order to obtain a judgment against the garnishee; especially where the answer was made by one of such third persons as agent for the garnishee.

[Prudential Savings Bank of B'ham v. Looney.]

2. *Same; Judgment; Presumption.*—Where plaintiff demanded and obtained an oral examination of the garnishee, and such examination is not set out in the bill of exceptions, on appeal, the court will not presume that the trial court erred in rendering a judgment for the plaintiff without first having notified the third person to come in and propound his claim.

3. *Same.*—Where the judgment in garnishment recites the issuance of two writs of garnishment without indicating that the judgment was rendered on the first instead of the second writ, it will be presumed that the court proceeded under the second writ if the first one was without effect, and that the oral answer and proof in the trial court supported the judgment.

4. *Same; Parties.*—Where the answer suggests a claimant thereto judgment should not be rendered for plaintiff on the answer for the fund admitted, without first notifying the claimant and giving him an opportunity to establish his claim.

5. *Same; Requisites.*—A judgment against a garnishee is fatally defective which fails to recite the fact and the amount of the judgment against defendant in garnishment.

6. *Same; Correction; Nunc Pro Tunc.*—A defect in a garnishment judgment arising from a failure to recite the fact and the amount of the judgment against defendant is a mere irregularity and amendable at a subsequent term of the trial court upon motion nunc pro tunc.

7. *Same; Dismissal; Reinstatement.*—The court may reinstate on motion and proper showing by plaintiff a garnishment proceedings if the motion is made during the term at which the proceedings were dismissed.

APPEAL from Calhoun Circuit Court.

Heard before Hon. Hugh D. Merrill.

Action by Lillie Looney against the Endowment Department of the District Grand Lodge No. 23, G. U. O. O. F., on an endowment policy, in which plaintiff recovered a judgment, and in aid thereof procured an ancillary attachment or garnishment issued to the Prudential Savings Bank of Birmingham, alleging that the Endowment Department had money therein deposited in the name of John G. Wright, Grand Treasurer of the order. From a judgment condemning the money, the garnishee appeals.   Reversed and remanded.

In the answer the garnishee set up that at the time of the service of the writ it was not indebted to the Endowment Department, nor would it be indebted in the

future, nor was it liable for the delivery of any personal property or the payment of any money. In response to a second garnishment garnishee answered on November 8, 1912, that there was a fund on deposit in the name of John G. Wright, trustee, and that in the opinion of the garnishee the said fund belonged to the District Grand Lodge No. 23, G. U. O. O. F., but that it was not indebted to the endowment fund, but says that the Endowment Department is merely an executive board, composed of certain officers of the Grand Lodge, which is a fraternal benefit society, and that whatever fund it has in its possession are deposited in the name of John G. Wright, as aforesaid, and garnishee believes that it belongs to the Grand Lodge, and that it amounts to $751.69, but otherwise garnishee is not indebted in any way, manner, or form to the judgment debtor. Further answering, it is alleged that such sum is retained by the garnishee on an express agreement executed on July 18, 1912, whereby said sum was to be retained as security for U. G. Mason and W. H. Hadnott, to secure them against any liaility on two certain bonds executed by said sureties for the said district grand lodge in the case of Annie Harvey against said Grand Lodge now pending in the Supreme Court, and the liability upon said bonds has not yet been determined.

C. B. POWELL, for appellant. The judgment was defective for failure to recite the fact and amount of judgment against defendant.—*Faulk v. Due,* 31 Ala. 516; *Brake v. Hurd Mfg. Co.,* 14 South. 773. On the record the defect cannot be cured by a nunc pro tunc order. *Carroll v. Milner, et al.,* 93 Ala. 301. The court should not have reinstated the dismissed garnishment proceedings.—*Burgin v. Joyce,* 127 Ala. 657. No judgment could be entered until the claims of the third person

have been determined.—*Sec. Assn. v. Weems,* 69 Ala. 583; *Ganaway v. Mobile,* 21 Ala. 577; *Morston v. Carr,* 16 Ala. 325; *Edwards v. Lewishon,* 80 Ala. 447. The court should have suspended proceedings until the claimants were brought in.—*Donall v. Nelson,* 95 Ala. 111.

PERDUE & DRAKE, for appellee. Any error in the judgment was clerical, and the court will remand merely for a correction which may be had nunc pro tunc.—§§ 2890-1 and 4140, Code 1907; 2 Cyc. 706 and authorities cited; *Brown v. Barnes,* 9 South. 455; *Whorley v. M.° & M. C. R. R. Co.,* 72 Ala. 20; s. c. 74 Ala. 264; *Jean v.; Sandiford,* 39 Ala. 317. Plaintiff was entitled to judgment without contesting the answer of the garnishee. —*Harrison's Case,* 59 South. 307; *Montgomery C. Co., Case,* 57. South. 54. The answer of the garnishee was not part of the record,, and must be made so by bill of exceptions.—15 South. 436.

ANDERSON, C. J.—The final answer of the garnishee of November 8, 1912, and the amendment thereto, as appears in the jurat of November 29, 1912, sets up the Grand Lodge as the owner or claimant of the fund in its hands, and notice seems to have been properly issued to said Grand Lodge, which came into court and filed its claim as authorized by the statute, and there seems to have been a trial of the right to the fund between it and the plaintiff, resulting in a judgment for the plaintiff. It is true that the answer of the garnishee, after setting up that the fund belonged to the Grand Lodge, does recite that it was deposited with it to be held as an indemnity to Mason & Hadnott. This did not suggest Mason & Hadnott as claimants of the fund, but, in effect, set up that it, the garnishee, had the right

to hold said fund for a certain purpose. Moreover, before the judgment was rendered in the case, the plaintiff demanded and had an oral examination, and which said oral answer ·is not set out by a bill of exceptions or otherwise, and it may be that said oral answer disclosed that there was no claimant to the fund other than the Grand Lodge, and that the garnishee did not hold it, or have right to hold it, for Mason & Hadnott, and that they did not claim said fund. We cannot therefore say that the trial court erred in rendering judgment in this case without first having Mason & Hadnott notified to come in and propound their claim. It is no doubt true that under our garnishment proceedings it is error to render judgment on the answer of the garnishee for the fund admitted, when the answer suggests a claimant to the said fund, without first notifying the alleged claimant and give him an opportunity to propound his claim (*Donald v. Nelson,* 95 Ala. 111, 10 South. 317), but the judgment in this case was not rendered until after the oral answer; and, in the absence of proof to the contrary we must assume that the trial court did not have Mason & Hadnott properly suggested as claimants of the fund before the rendition of the judgment. Indeed, the written answer was made by Hadnott as the agent of the garnishee, and was no doubt the person who answered orally for said garnishee, and as his oral answer is not set out, we will assume that he did not suggest himself and Mason as claimants of the fund.

The trial court had the right, during the term of the dismissal, to reinstate the case upon motion and a proper showing by the plaintiff. The judgment reinstating the cause recites that the plaintiff had made a motion to set aside the order of dismissal and reinstate the cause, and presumptively the rules of practice as to the notice of the motion were observed and the reinstate-

ment of the case, during the existing term, placed the parties just where they were before the case was dismissed, and the garnishee was not finally discharged by the order of dismissal, as the cause was still within the control of the court. The case of *Burgin v. Ivy Co.,* 127 Ala. 657, 29 South. 67, has no application to the reinstatement of the present case as that case dealt with a judgment in the justice court, wherein an attempt had been made to revive a judgment no longer in fieri. Here the matter was in fieri until the expiration of that term, of the circuit court.

While the judgment entry recites the issuance of two writs of garnishment, there is nothing to indicate that the said judgment was rendered upon the first instead of the second writ, and presumptively, if the last one was in force and the first one was functus officio, the court proceeded under the proper one, and for aught that appears the oral answer and the proof before the court fully supported the judgment.

The judgment against the garnishee is defective, as it fails to recite the fact and amount of the judgment against the defendant, and which said defect must reverse this case.—*Faulks v. Heard,* 31 Ala. 516; *Chambers v. Yarnell,* 37 Ala. 400. This is an irregularity, however, that is amendable at a subsequent term of the trial court upon a motion nunc pro tunc.—*Jones v. Mainer & Son,* 102 Ala. 676, 15 South. 437; *Whorley v. M. & C. R. R.,* 72 Ala. 20.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and GARDNER, JJ., concur.