148 So. 323

### Ex parte WILLIAMS.

### RIDDLESPERGER v. WILLIAMS.

### 6 Div. 341.

Supreme Court of Alabama.

May 18, 1933.

Pennington & Tweedy, of Jasper, for petitioner.

Ernest Lacy, of Jasper, pro se.

FOSTER, Justice.

The parties agreed that a sum of money be placed in the care of a trustee, and he "should hold said money· pending the determination of the litigation involved in the above styled suit (that is, the suit herein referred to), or pending the determination of any other suit or proceeding involving the ownership of such money."

Two suits arose, in the form of garnishments, one at law and one in equity, in which there was a claimant, and the controversy is with the claimant. The suit at law resulted in judgment for the plaintiff, and the claimant appealed to this court. The equity suit was still undetermined when the judge answered this rule nisi.

After the judgment at law claimant filed notice of appeal, without executing any sort of bond, and applied to the trial judge for an order suspending payment of the money to plaintiff on that judgment pending the appeal by claimant. That court construed the agreement to have served its purpose in respect to that suit with the judgment in the circuit court, and that its effect did not extend to an appeal, and also took note of the pendency of the suit in equity. For such reasons it overruled the application of claimant. He applied to this court for a mandamus. A rule nisi was issued and answered by the judge giving the reasons just stated for overruling the application. Along with the submission of this petition for mandamus, there was also submitted the main case on appeal perfected after the issuance of the rule nisi, in which the right to the fund is involved upon a consideration of the merits of the claims of the respective parties.

As an abstract proposition, we are inclined to a different opinion from that expressed by the trial judge for refusing the motion, in respect to the interpretation of the contract. The contract first refers to a pending suit, then to any other suit or proceeding involving the ownership of the money. We assume by the last statement that, if the ownership was not concluded by existing litigation, payment of the fund was dependent upon any other suit or proceeding, though not then pending, if the same should be begun. The only litigation shown by the petition or answer affecting the question is the suit at law and the one in equity. So that it is immaterial whether they were begun when the contract was executed or thereafter.

It is held by good authority that, though an appeal takes the place of a writ of error, it differs from it, in that the appeal is not regarded as a new suit, but is a continuation of the old (3 Corpus Juris, 320); whereas a writ of error was at common law the commencement of a new suit to annul and set aside the judgment of the court below. 3 Corpus Juris, 304. But, after the appeal was taken, it was either a continuation of the old or it was a new suit, all for the purpose of determining the respective rights of the parties to the money.

But for the suit in equity, when the judgment at law was rendered, it finally disposed of the matter, unless an appeal be taken. The right to appeal was six months. Upon the entry of that judgment, plaintiff was at once due to collect the money in so far as that suit was concerned, and the trustee could act upon it unless hindered by the equity suit. To stop such right so to act an appeal was necessary. And a supersedeas bond would be necessary, but for an agreement to the contrary. Montgomery Gaslight Co. v. Merrick, 61 Ala. 534. But, in the face of such an agreement, the appeal created the condition that there was thereby pending a suit (then in this court) involving the ownership of said money, within the language of the contract. Before such appeal was taken, after the rendition of the judgment, that suit was not then pending, and did not constitute an impediment to the payment of the money to plaintiff by authority of that judgment, but the trustee could then treat it as a determination of the matter and act upon it, unless there be another suit also pending (as in equity).

As we have said, at the time this petition was filed, a declaration of appeal in writing had been filed in the circuit court, but no bond made, and no certificate of appeal had been sent to this court. An appeal is taken by the execution of a bond or security for costs in such a case. Section 6101, Code. While a bond is not jurisdictional, it is necessary to invoke the jurisdiction of this court on such an appeal that a proper certificate of appeal by the clerk be sent to this court, and a citation to appellee and due service thereof. Section 6078, Code; Murphy v. Freeman, 220 Ala. 634, 127 So. 199, 70 A. L. R. 381, and authorities there cited.

No appeal was taken, therefore, at the time of the application to the circuit judge to suspend the execution of its judgment pending appeal by reason of the agreement. The contemplated appeal (not perfected) was not a pending suit or proceeding involving ownership of the money. Appellant had been given time to perfect his appeal, and the time had not expired when this peti-

tion was presented to this court and when the application was made to the circuit court to suspend payment of the funds pending the appeal. So that petitioner is not due an order as of the date of the filing here of his petition, as of which time his rights should be determined on this petition, unaffected by subsequent events.

■ Since we think that the fund should be held by the trustee under the agreement as long as there is undetermined a suit or proceeding pending in a court of competent jurisdiction, involving ownership of the money between the parties, we do not think a supersedeas bond is necessary during the pendency of such suit or proceeding on appeal or in a court of original jurisdiction, in which their respective rights to the money are involved, in order to maintain its continued possession by the trustee.

The writ of mandamus is denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.