173 So. 88
## GARRISON v. FIRST NAT. BANK OF BIRMINGHAM.
### 6 Div. 978.

Supreme Court of Alabama.

Feb. 18, 1937.

Rehearing Denied March 25, 1937.

J. L. Drennen and Fred G. Koenig, both of Birmingham, for appellant.

688

Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for appellee.

BROWN, Justice.

This case was here on a former appeal by the plaintiff from the judgment of the court quashing his contest of the answer of the garnishee and discharging the garnishee. That judgment was here reversed and the cause remanded to the circuit court. Garrison v. First Nat. Bank of Birmingham, 231 Ala. 71, 163 So. 624.

After remandment of the cause, the garnishee bank, on January 16, 1936, appeared and filed another motion for its discharge, alleging that "while said judgment of this [the Circuit Court] stood in full force and effect, and while the force and effect of said judgment had not been stayed or superseded by the execution of a bond as required by statute in such cases made and provided, and said judgment had not been reversed upon appeal, this garnishee paid the said sum of $5,885.70, standing on open deposit to the credit of 'Mr. or Mrs. Charles W. Greer', upon proper check or demand of said parties, or one of them, all as it was legally bound to do."

On the hearing of this motion the court granted the same and again discharged the garnishee, and from that judgment this appeal is prosecuted.

The facts developed on the hearing of said last motion of the garnishee, pertinent to the question presented by this appeal, are:

The order and judgment of the court from which the former appeal was prosecuted was entered on November 22, 1934, and when that judgment was entered as appears from its face, the plaintiff reserved an exception and gave notice of appeal.

The defendant, on the day the judgment was rendered, procured from the clerk of the court what purported to be a certified copy of said judgment, but which, in fact, did not embody half of the judgment entry, but so much as was embodied in said certified copy declared that the plaintiff reserved an exception to said order. This so-called certified copy was presented to one of the officers of the garnishee bank on November 23, 1934, and on the following day the garnishee paid to said defendant the sum of money mentioned in its motion. Before said payment the plaintiff, in person, notified the garnishee that if said money was paid on the faith of said order, it would

be at the garnishee's risk, as he was still contesting the validity of said order.

On December 8, 1934, the plaintiff presented to the court, and filed with the clerk, a motion to set aside said judgment. This motion was regularly continued from time to time until December 15, 1934, when it was overruled.

On the 22d day of December, 1934, within thirty days from the rendition of said judgment, the plaintiff perfected his appeal to this court by giving security for costs of the appeal.

The major contention of appellee is that inasmuch as the judgment of November 22, 1934, did not stay the operation of the order, and its effect was not superseded, it was the duty of the garnishee to pay the funds covered by the writ of garnishment to the defendant on his demand. To sustain this contention the appellee cites North Birmingham Trust & Savings Bank v. Hearn et al., 211 Ala. 18, 99 So. 175; Montgomery Gaslight Co. v. Merrick & Sons, 61 Ala. 534; Sherrod, Clerk, v. Davis, Sheriff, 17 Ala. 312; and cases from Arkansas, Wisconsin, and Kentucky.

The question is determined by the effect of the statutes governing appeals, and for that reason we do not regard decisions from other jurisdictions, having statutes of different effect, authoritative.

In the case first above cited, North Birmingham Trust & Savings Bank v. Hearn et al., the decree in question was for the payment of money, and was governed by section 2873 of the Code of 1907, now section 6132 of the Code of 1923; therefore, the appeal did not operate to supersede the execution of the decree in the absence of a supersedeas bond.

The appeal in Montgomery Gaslight Co. v. Merrick & Sons, supra, decided at the December term, 1878, was governed by section 3928 of the Code of 1876, which required a supersedeas bond in all cases to effect a supersedeas. That section provided, inter alia, "If the decree or judgment be *for anything other than the payment of money,* the chancellor, or register, or judge fixes the bond," etc. (Italics supplied.) And in that case the judge, in pursuance of the statute, fixed the bond for supersedeas, as appears from the opinion of the court, which states that "the garnishment was dissolved, the bill of the complainant was dismissed, and it was ordered, that if the complainant within thirty days appealed from the decree, the garnishment should be restored, if she executed a *supersedeas bond* in the sum of one thousand dollars, payable, and with condition as prescribed by the statute (Code of 1876, § 3928)."

The statute regulating the supersedeas of judgments and decrees has been changed since that case was decided. Ex parte Cudd, 195 Ala. 80, 70 So. 721.

Sherrod, Clerk, v. Davis, Sheriff, supra, was a motion by the clerk of the court for a summary judgment against the sheriff, who had sold the attached property pending the attachment proceedings. The motion was made after the attachment proceedings had terminated in favor of the defendant. The court held: "But this right of the clerk [for a summary judgment] grows out of the pendency of the attachment and the lien created on the goods by the levy. When the attachment is dissolved by a final judgment in favor of the defendant and the lien thereby discharged, the defendant becomes entitled to the money," etc. The question there dealt with does not relate to the effect of an appeal under the statute, or the continuity of the proceedings, and that case is not an apt authority.

■ Figuratively the judgment of the court of November 22, 1934, was in the breast of the court and within its plenary power for thirty days after its rendition—still in fieri. Prudential Savings Bank of Birmingham v. Looney, 187 Ala. 19, 65 So. 770; North Birmingham Trust & Savings Bank v. Hearn et al., 211 Ala. 18, 99 So. 175; Lewis et al. v. Martin, 210 Ala. 401, 98 So. 635; Code 1923, § 6670.

■ It was not a judgment for the "payment of money"; therefore not within the influence of section 6132 of the Code of 1923. Nor was it a judgment "for the payment of money, and also for the performance of some other act or duty, or for the recovery of property, real or personal, or the possession thereof, or for the sale of property, real or personal"; therefore, it was not within the influence of section 6133 of the Code. Nor was it a judgment or decree "only for the performance of some act or duty, or for the recovery of property, real or personal, or the possession thereof, or for the sale of property, real or personal"; and, therefore, was not governed by the provisions of section 6134 of the Code.

By the judgment of November 22, 1934, the garnishee, at most, was entitled to recover costs of the garnishment proceedings, and this under the rulings here is not such a judgment as requires a supersedeas bond

690

to suspend its operation. This is effected by giving security for the costs of appeal. Ex parte Cudd, 195 Ala. 80, 70 So. 721; Hildebrand v. First Nat. Bank of Fairfield, 221 Ala. 216, 128 So. 219.

■ The timely motion to set aside the judgment and the appeal from the judgment of November 22, 1934, preserved the continuity of the proceeding and the lien of the writ of garnishment on the funds in the hands of the garnishee, and inasmuch as it appears of record that the suggested claimant has been duly cited and has appeared and filed a claim and has withdrawn her said claim, and it further appearing that the plaintiff has recovered a judgment against the defendant, the plaintiff is entitled to a judgment against the garnishee. The judgment of the circuit court is therefore reversed, and the cause is remanded to the circuit court, with directions to enter a judgment in favor of the plaintiff against the garnishee.

Reversed and remanded, with directions.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.