180 So. 690

FIRST NAT. BANK OF BIRMINGHAM
v. GARRISON.

6 Div. 182.

Supreme Court of Alabama.
April 21, 1938.

Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for appellant.

J. L. Drennen, of Birmingham, for appellee.

BROWN, Justice.

For more than a century it has been settled by the decisions of this court that: "The judgments of courts are in the breast of the judge until the final adjournment of the term." Desribes v. Wilmer, 69 Ala. 25, 44 Am.Rep. 501; Neale et al. v. Caldwell, 3 Stew. 134; Browder v. Faulkner, 82 Ala. 257, 3 So. 30; Tippins v. Peters, 103 Ala. 196, 15 So. 564; Ex parte Favors, 225 Ala. 675, 145 So. 146; Ex parte Howard, Howard v. Ridgeway et al., 225 Ala. 106, 142 So. 403; Garrison v. First National Bank of Birmingham, 233 Ala. 687, 173 So. 88, 90; Prudential Savings Bank of Birmingham v. Looney, 187 Ala. 19, 65 So. 770, 771; Roebling Sons Co. v. Stevens Electric Company, 93 Ala. 39, 9 So. 369.

In Neale et al. v. Caldwell, supra, decided July, 1830, one of the questions presented, as stated in the language of the opinion, was: "3rd. Can a Circuit Court, during the term, reconsider one of its decisions, and correct an error of judgment which it has committed?" Answering this question the court observed:

"With regard to the third point, there can be no doubt of the power of the Court to amend or correct its judgments during the continuance of the term in which they have been pronounced.

"Whenever a point of law or a fact is presented for the decision of the Court, and the opinion then pronounced is at any subsequent period of the term deemed to have been incorrect, the Court may direct the former judgment to be set aside, and one to be entered conforming to what is believed to be right." 3 Stew. 134, 139.

In Desribes v. Wilmer, supra, December term, 1881, the court speaking through Stone, J., observed: "The judgments of courts are in the breast of the judge until the final adjournment of the term, and may be set aside or modified during the term; and unless the court in such order violate some rule of law, or pronounce a judgment the law will condemn, it is no error that such ruling was made without notice to the opposite party. An order improperly granted, should be set aside, if the error be discovered during the term; and, if necessary, we would presume counsel continued present in the court, until the order of revocation was passed."

In Prudential Savings Bank of Birmingham v. Looney, supra, decided June 3, 1914, the court, speaking through the present Chief Justice, observed: "The trial court had the right, during the term of the dismissal, to reinstate the case upon motion and a proper showing by the plaintiff. The judgment reinstating the cause recites that the plaintiff had made a motion to set aside the order of dismissal and reinstate the cause, and presumptively the rules of practice as to the notice of the motion were observed and the reinstatement of the case, during the existing term, placed the parties just where they were before the case was dismissed, and the garnishee was not finally discharged by the order of dismissal, *as the cause was still within the control of the court*. The case of Burgin v. Ivy Co., 127 Ala. 657, 29 So. 67, has no application to the reinstatement of the present case as that case dealt with a judgment in the justice court, wherein an attempt had been made to revive a judgment no longer in fieri. Here the matter was in fieri until the expiration of that term of the circuit court." Italics supplied. 187 Ala. 19, 24, 25, 65 So. 770, 771.

In Ex parte Favors, supra, decided December 22, 1932, invoking the power of the court to set aside a decree, the court, speaking through Bouldin, J., observed: "During the thirty-day period the cause is within the breast of the court, *with full power to vacate the decree on application or ex mero motu*." (Italics supplied.)

On the former appeal, in the case at bar, it was held:

"Figuratively the judgment of the court of November 22, 1934, was in the breast of the court and within its plenary power for thirty days after its rendition—still in fieri." Garrison v. First National Bank of Birmingham, supra.

It is on this point that the opinion of Justice BOULDIN proposes to modify or overrule the opinion on the second appeal.

The statute cited, in support of our former ruling, Code 1923, § 6670, provides: "After the lapse of ten days from the rendition of a judgment or decree, the plaintiff may have execution issued thereon, and after the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power

over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed, and called to the attention of the court, and an order entered continuing it for hearing to a future day."

And section 7797, provides: "Upon the rendition of judgment, execution may be issued by leave of the court before the time prescribed in section 7795 (4079) for the issuing of executions, the plaintiff, his agent, or attorney, showing sufficient cause therefor by affidavit; but the defendant is not prevented thereby from moving for a new trial, or in arrest of judgment, nor deprived of any right he would otherwise have had."

The proposed opinion adopts the ten days first mentioned in the statute, Code, § 6670, by analogy, as the time during which the garnishee may not pay out money on an erroneous order discharging it, rather than the thirty days during which the order remains within the breast of the judge or court. The clear effect of the proposed opinion is not only to overrule the opinion on the second appeal, but to ignore the rule of the cases cited above, which has stood as the settled law for more than a hundred years.

■ The statute, Code 1923, § 6667, was amended March 26, 1936, and now provides: "The Circuit Courts of the several Counties of the State shall be open for the transaction of any and all business, or judicial proceedings of every kind, at all times." Acts 1936, Ex.Sess., p. 32. The effect of this amendment is to fix as to each judgment or decree a term or period of thirty days, within which the courts retain the power and authority to set aside or vacate such judgment or decree. Ex parte Howard, Howard v. Ridgeway, supra; Ex parte Favors, supra.

■ The record shows that the plaintiff in the case at bar without faltering pursued his remedy, as prescribed by the statute, and the rules of practice; that he filed his security for cost of appeal from the erroneous order discharging the garnishee, within the thirty days, and before the circuit court's power had expired, and on his appeal the erroneous order discharging the garnishee was reversed. By this course the continuity of the proceeding was preserved and the controversy remained sub judice.

All persons are presumed to know the law as thus declared, whether they did or not, and when the garnishee paid out the funds in its hands as a stakeholder on the erroneous order which it actively procured, it must be held to have done so at its own risk.

Our judgment is that the decision of the court on the second appeal is sound, and is here and now reaffirmed, with the result that the judgment of the circuit court entered in agreement with the mandate issued thereon must be and is affirmed.

ANDERSON, C. J., and THOMAS, FOSTER, and KNIGHT, JJ., concur.

GARDNER and BOULDIN, JJ., concur in the result.

BOULDIN, Justice (limited concurrence).

In my opinion the prevailing opinion, and especially the opinion on second appeal, is misleading and out of harmony with well-recognized principles of law touching the status and effect of a judgment during the thirty-day period after its rendition, within which, under our present statute, it is under the control of the court, or, as often said, within the breast of the court.

For this reason, the writer here presents his views with less detail than in the opinion prepared for consultation.

A final judgment of a court having jurisdiction to that end is effective from the date of its rendition. It is immediately appealable. The time within which an appeal therefrom must be taken runs from that date. A judgment for the recovery of money may be immediately registered and fastens the statutory lien on the debtor's property from that date. That it is still under the control of the court during the term, or for thirty days under our statute, or that it is subject to review on appeal, does not deprive it of its effectiveness as a judgment. An execution issues upon it within ten days. The cause is no longer in fieri in the sense of a pending suit, unless and until further proceedings are instituted which have the legal effect of suspending or superseding the judgment. These qualities of a judgment, the final adjudication of a court of competent jurisdiction, are so elemental as to call for little discussion. Ex parte Lacy, 232 Ala. 525, 168 So. 554;

Powe v. McLeod & Co., 76 Ala. 418; Ex parte Dillard, 68 Ala. 594; North Birmingham Trust & Savings Bank v. Hearn, 211 Ala. 18, 99 So. 175.

A judgment discharging a garnishee is a final judgment dissolving the lien acquired by the plaintiff in garnishment proceedings.

Sherrod v. Davis, 17 Ala. 312, was an original attachment suit. The sheriff had sold certain attached property pending the suit and held the proceeds.

Judgment went for defendant in the attachment suit at the spring term of court. In June following the sheriff, on demand, paid over the proceeds of the attached property to defendant. Thereafter, the plaintiff sued out a writ of error, the judgment was reversed, and the cause remanded. On a second trial judgment went for plaintiff in the attachment. Thereupon proceedings were instituted to require the sheriff to turn in the proceeds of the attached property to the clerk as per statute.

Said the court: "It must be apparent to all that the defendant is not to lose his property if he successfully defends the suit commenced by the attachment. When a final judgment is rendered in his favor the lien created by the attachment is discharged, he becomes entitled to his property, and the sheriff cannot lawfully withhold it from him. —Clapp v. Bell, 4 Mass. 99; Suydam v. Huggeford, 23 Pick. 465. If the plaintiff in the attachment had sued out a writ of error immediately on the rendition of the judgment, or before the money was paid over by the sheriff, we should then think that the right of the defendant to demand it of the sheriff was taken away; and the sheriff, if he had notice of the writ of error, would not have been justified in paying it over to him. *But after the judgment of the court is final and complete in favor of the defendant, unless it is suspended by writ of error or appeal,* the right of the defendant to have the property restored to him is unquestionable, and it is therefore the duty of the sheriff on demand to deliver it to him." (Italics supplied.)

Montgomery Gas Light Co. v. Merrick & Sons, 61 Ala. 534, was a garnishment in aid of a suit in equity. The bill was dismissed and the garnishment issued under it dissolved. On same date the chancellor prudently ordered that if complainant should give a bond within thirty days, the garnishment should remain in full force. This bond was not given, but within the thirty-day period complainant took an appeal, giving security for costs, but no supersedeas bond.

Another suit at law had been begun by the creditor, defendant in the garnishment suit, against his debtor, the garnishee in the equity suit. This suit was held up pending the garnishment suit.

After the decree was rendered discharging the garnishee in the equity suit, judgment was taken in the other suit for the demand which had been garnisheed. Upon advice that complainant had taken an appeal in the equity suit, the garnishee applied to the judge of the court wherein the judgment at law had been rendered to stay proceedings on that judgment until the garnishment case was determined on appeal. This application was denied. The appeal was to review this ruling. Briefly stated, the denial of a stay was sustained on the ground there was no occasion for a stay, that the garnishee could lawfully pay the judgment at law without the hazard of a double liability. The decision deals first with cases in which a judgment is rendered against the garnishee subjecting funds in his hands, saying: "A payment by the garnishee of a judgment rendered against him, protects him, though the judgment is irregular, and is subsequently reversed for irregularity. Duncan v. Ware's Ex'rs, 5 Stew. & P. 119 [24 Am.Dec. 772]; Gunn v. Howell, 35 Ala. 144 [73 Am.Dec. 484]. He may satisfy such judgment, without waiting until he is coerced by execution. Mills v. Stewart, 12 Ala. 90. The judgment is conclusive, as between the garnishee and the defendant, unless the defendant appeals, of which the garnishee has notice. And the appeal does not prevent the garnishee from satisfying it, unless the judgment is superseded by bond. Code of 1876, § 3316."

Then dealing with the decree discharging the garnishee, the opinion continues: "The statutes have very carefully regulated the mode of prosecuting appeals, and have very clearly defined their effect, and the rights of parties during their pendency. An appeal can not be taken, unless the appellant give security for the costs, and the names of the sureties are certified to this court; and the certificate is part of the record, authorizing the issue of execution against the sureties for costs, if the appellant is unsuccessful. Code of 1876, § 3950. Such an appeal does not operate to stay the execution of the judgment or decree, from which it is taken. If a suspension of execu-

tion is sought, a bond with sufficient securities must be executed by the appellant or some person for him."

Further on the opinion points out that "at common law, a writ of error (and an appeal under the statute is a substitute for the common law writ of error), was a supersedeas of execution from the time of its allowance."

This case has been frequently cited to the point that a supersedeas bond is necessary to suspend the execution of a judgment. Ex parte Williams, 226 Ala. 619, 148 So. 323; Hurt v. Knox, 220 Ala. 448, 452, 126 So. 110; Byrum Hardware Co. v. Jenkins Bldg. Supply Co., 226 Ala. 448, 147 So. 411.

But it is held on last appeal in the present litigation that because of recasting our statutes relating to supersedeas no provision is made for a supersedeas bond where the judgment calls for nothing to be done in the execution thereof save the payment of costs of suit adjudged against the appealing party; and in such case, the appeal operates as a supersedeas.

The case of Ex parte Cudd, 195 Ala. 80, 70 So. 721, cited therein as authority, supports that holding. The rule at common law, as stated in the Gas Light Case, supra, is made the basis of the decision in the Cudd Case, supra. We adhere to our last decision on that question. It must be conceded, however, that this decision was the result of the application of common law principles because of omissive statutes.

But, says appellant, this is unimportant, because at the time the garnishee paid out the fund the garnishee had been discharged by the judgment of the trial court, and no appeal had been taken to operate as a supersedeas.

The record discloses that at the time the trial court discharged the garnishee the plaintiff gave notice of appeal and caused the same to be entered by the court, but in fact the appeal was not perfected by giving security for costs until thirty days later.

A motion for a new trial had been interposed two weeks earlier, and was overruled. The appeal followed immediately. Meantime the garnished fund had been checked out. The appeal in this instance was taken under Code 1923, § 6101, subd. (b), "By giving security for the costs of the appeal to be approved by the clerk or register, or court."

The appeal dates from the proper filing of such security, if approved by the officer. Liverpool & London & Globe Ins. Co. v. Lowe, 208 Ala. 12, 93 So. 765; Lewis v. Martin, 210 Ala. 401, 98 So. 635; 2 Alabama Digest, Appeal and Error, pp. 508, 509, ⊜351(2). No certificate of appeal had been issued as per S. C. Rule 43.

A supersedeas, whether effected by giving a statutory bond, or by operation of law from the taking of an appeal, cannot, obviously, be retroactive, so as to render that unlawful which was lawful when done. Ex parte Du Bose, 54 Ala. 278.

So the lawfulness, vel non, of the act of the garnishee in paying out this money on checks, rests not on the idea of a continuing lien during the thirty-day period, but upon the obligations of a stakeholder during that period to preserve the very subject matter of the litigation.

The right of appeal by plaintiff from the order discharging the garnishee is expressly authorized by law. Notice of a purpose to prosecute such an appeal was promptly given.

To pay out the fund was to defeat the very purpose of the garnishment to subject the fund in the hands of the garnishee. Under these conditions, the fund was in greater part paid out on checks the second day after the judgment of discharge.

We are of opinion that in fairness as a stakeholder under the circumstances further time should have been given the plaintiff to effect a supersedeas.

No real hazard of a double liability was present under the doctrine of Montgomery Gas Light Co. v. Merrick & Sons, supra.

This is not a case of a fund in court, wherein there is a manifest duty of the court of its own motion to conserve the fund, when further litigation is proposed, and the suit is against an officer of the court obeying its express mandate. Such was the case of North Birmingham Trust & Savings Bank v. Hearn, supra. Here no order was made to pay over the fund. The garnishee was charged with knowledge of the power of the court over the judgment of discharge, and of plaintiff's right of appeal.

The law allows ten days before the successful party may demand execution on a judgment, save in special cases under Code 1923, §§ 7797 and 7798. It allows thirty

days for the losing party to make a motion for a new trial, and six months within which to appeal. All this is expressive of a policy of the law to give time for parties to determine the procedure to be taken. Matters of procedure must be determined by counsel. They are entitled to reasonable time to investigate.

We cannot sanction a rule which would allow a race of diligence between the defendant and the plaintiff, the one to draw the money, the other to institute legal measures to keep the subject matter of the suit in status quo.

What is a reasonable time for the plaintiff to take appropriate action may turn on the particular case. The analogy of ten days we think reasonable under ordinary conditions. Clear statutory regulations are much to be desired. The writer, however, does not dissent from the views of the court that the thirty-day period should be allowed for perfecting an appeal, and supersedeas.

I therefore concur in the result only.

GARDNER, J., concurs in the foregoing views.